4 U.S. 348 (____)
4 Dall. 348
Thurston
versus
Koch.
Supreme Court of United States.

Condy, for the plaintiff, and Ingersoll, for the defendant.
*350 PATERSON, Justice.
The case before the Court is that of a double insurance; and the question is, whether the insurers shall contribute rateably, or shall pay according to priority of contract, until the insured be satisfied to the amount of his loss. The law on this subject, is different in different nations of Europe, owing to the diversity of local ordinances, which have been made to regulate commercial transactions. By the ordinance of one country, the contract is declared to be void, and a forfeiture superadded; whereas, by the ordinances of other countries, the contract is merely void, without any forfeiture. By the ordinance of Spain, if a policy be signed on the same day by several persons, the first signer becomes first responsible, and so on till the insured receive full satisfaction to the value of his loss; the posterior insurers being liable only for the deficiency, and that, too, according to the order of priority. But, in such case, by the ordinance of France, the several insurers, on the same day, shall contribute rateably to make up the loss; whereas, by the same ordinance, if the policies bear date on different days, the rate of contribution is rejected, and that of priority established; or, in other words, if the first policy absorb the loss, or amount to the value of the goods insured, the posterior insurers are not liable, but shall withdraw their insurances, after retaining a certain per centage. The solvency of the first insurer to the full value being assumed, the ordinance is predicated on the principle, that there remains no property to be insured, and, of course, no risk to be run. But suppose the solvency of the first insurer should become doubtful, what course is to be pursued? As this is a risk, it ought to be provided against; and, accordingly, we find, that some of these ordinances have declared, that such insurer's solvability may be insured. It is obvious, that this is a point of great delicacy; for, by questioning the solvency of a merchant, you wound his credit, and, perhaps, cast him into a state of bankruptcy. Most, if not all, of these ordinances, are of ancient date, and were calculated for the then existing state of commerce in *351 the several countries, which formed them. It is, however, evident, that the law merchant varies in different nations, and even in the same nation at different times. The course of trade, local circumstances, commercial interests, and national policy, induce to some variation of the rule. The law in this particular, as it was understood and practised in England, prior to, and at the commencement of, our revolution, was different from the rule, which prevailed in France, Spain, and other countries, under their local ordinances. A double insurance is, where the same man is to receive two sums instead of one, or the same sum twice over for the same loss, by reason of his having made two insurances upon the same ship, or goods. In such case the risk must be the same. This kind of insurance is agreeable to the practice and law of England, and is considered as being founded in utility, convenience, and policy. In the case of Godin and others v. The London Assurance Company, in February. 1758, Lord Mansfield, in delivering the opinion of the Court, expressed himself as follows:
"As between them, and upon the foot of commutative justice "merely, there is no colour why the insurers should not pay the "insured the whole: for they have received a premium for the "whole risk.
"Before the introduction of wagering policies, it was, upon "principles of convenience, very wisely established, `that a man "should not recover more than he had lost.' Insurance was considered "as an indemnity only, in case of a loss: and, therefore, "the satisfaction ought not to exceed the loss. This rule was calculated "to prevent fraud; lest the temptation of gain, should "occasion unfair and wilful losses.
"If the insured is to receive but one satisfaction, natural justice "says, that the several insurers shall all of them contribute "pro rata, to satisfy that loss against which they have all insured.
"No particular cases are to be found, upon this head; or, at "least, none have been cited by the counsel on either side.
"Where a man makes a double insurance for the same thing, "in such a manner that he can clearly recover against several "insurers, in distinct policies, a double satisfaction, the law certainly "says, `that he ought not to recover doubly for the same "loss, but be content with one single satisfaction for it.' And if "the same man really, and for his own proper account, insut "the same goods doubly, though both insurances be not made "in his own name, but one or both or them in the name of another "person, yet that is just the same thing; for the same person "is to have the benefit of both policies. And if the whole "should be recovered from one, he ought to stand in the place of "the insured, to receive contribution from the other, who was "equally liable to pay the whole." 1 Burr. 492.
*352 In the case of Newby v. Reed, at sittings after term, in 1763, 2 Bl. Rep. 416. the same doctrine is laid down, agreed to, and confirmed. For "it was ruled by Lord Mansfield, Chief Justice, and agreed to "be the course of practice, that upon a double insurance, though "the insured is not entitled to two satisfactions; yet, upon the "first action, he may recover the whole sum insured, and may "leave the defendant therein, to recover a ratable satisfaction, "from the insurers."
These cases have never been contradicted, and must be decisive on the subject. The law, as stated in the above adjudications, is recognized by Park and Miller, two recent and respectable writers on marine insurances. Such being the law of England, as to double insurances, before and at the commencement of our revolution, it was also the law of this country, and is so now. It is of authoritative force, and must govern the present case. Besides, if the Court were at liberty to elect a rule, I should adopt the English regulation, which divides the loss rateably among the insurers. It is the most convenient, equal, and consonant to natural justice, and has been practised upon, nearly half a century, by the first commercial nation in the world. I am not clear, that the practice of France is not in conformity with this rule; for it is probable, that they open but one policy, bearing the same date, though signed at different times, or different policies of the same date; in either of which cases, by the French ordinance, the insurers contribute rateably to satisfy the loss sustained by the insured. If so, it is precisely the English and American rule. Equality is equity. This maxim is particularly applicable to commercial transactions; and, therefore, the rule of contribution ought to be favoured. The pressure, instead of crushing an individual, will be sustained by several, and be light. The result is, that the defendant must contribute rateably to make up he loss of the insured.
Judgment for plaintiff.