## Case No. 11,332.

### POTTER v. MARINE INS. CO.

[2 Mason, 475.] [1]

Circuit Court, D. Rhode Island. June Term, 1822.

INSURANCE—PRIORITY CLAUSE—POLICIES CONCURRENTLY EXECUTED—PROOF.

1. If two policies bear the same date, the parties, to entitle themselves to an exoneration from payment of a loss, under the common clause, as to insurance by prior policies, may shew the actual time of execution of each policy, and the policy first executed, if it covers the whole interest, is alone to bear the loss.

[Cited in Ryder v. Phœnix Ins. Co., 98 Mass. 187; Deming v. Merchants' Cotton-Press & Storage Co., 17 S. W. 97.]

2. Where two policies are concurrently executed, the operation of the priority clause is excluded, and the assured may recover his whole loss upon either policy; and the other underwriters are liable only for contribution.

This was an action on a policy of insurance. At the trial the principal question was, whether the plaintiff [Robinson Potter] had an insurable interest beyond what was covered by prior policies; in which case, by the usual memorandum in American policies, the defendants would be exonerated from any liability. It was referred to an auditor to ascertain the facts of interest, and his report was made in favour of the plaintiff, for an uninsured interest of about $1200. There was no objection to this report; but the plaintiff having procured a policy to be underwritten by another insurance company for the same risk upon the same property, which bore the same date as the policy now declared on, a question was made by Hazard & Hunter for the defendants, whether, in case of policies bearing the same date, it was competent for the plaintiff to show an actual priority in time in the execution of either policy, by evidence aliunde; and they contended, that it was not, and that the policies must be considered as concurrently executed; therefore the plaintiff could recover only for a moiety of the insurable interest upon each.

Mr. Pitman, for plaintiff, was stopped by the court.

---

1 [Reported by Hon. William P. Mason, Esq.]

STORY, Circuit Justice. In my judgment there is no difficulty in the question stated at the bar. I have no doubt, that it is competent in all cases, where the priority clause in our policies renders it material, to inquire into the actual fact of prior execution. The law, when it is material, will examine into fractions of a day, and give parties their rights accordingly. In this case, therefore, I shall admit the evidence of the actual time of the execution of the two policies. If one was executed, in point of fact before the other, though both bear the same date, the plaintiff is entitled to recover upon the first policy only, as that is more than sufficient to cover all his uninsured interest; since, by the very terms of the common clause, the underwriters on the second policy are liable for so much interest only, as is uncovered by any prior policy. It has been intimated at the bar, that it is incumbent on the plaintiffs to prove, that the present policy was the first underwritten. But I take it to be quite clear, that no such duty devolves upon him. The priority clause is a matter of defence, and if the defendants could exonerate themselves from the payment of a loss, they must show, that there was some prior policy, which absorbed the whole interest. It is not incumbent on the plaintiffs to prove negatively, that no prior policy was underwritten. In the present case the defendants offer to prove, that a policy of the same date was actually underwritten on the same risk; and upon their own argument it was a concurrent, and not a prior policy. If, therefore, the fact be with them, there is nothing in point of law in the defence. They can exonerate themselves only by showing a prior policy in date, and not by showing a concurrent policy in date. The clause in the policy may, therefore, be entirely laid out of the question; and if so, then the case stands upon the common law, independently of that clause. At common law, if the assured has the same interest insured by several policies, he may sue, on which he pleases, and is entitled to recover his whole loss upon either of the policies; and all that remains is a mere right in the party sued to recover contribution from the other underwriters. Upon this principle the plaintiff is entitled to recover the whole, and not merely a moiety of the loss, in the present suit. But I shall hear the testimony upon the point of fact, as to the priority of the execution of the policies, which, if it turns out, as stated at the bar, will be equally decisive.

MEM. It was proved, that the present policy was executed in the morning, and the other policy on the evening, of the same day; and thereupon a verdict and judgment passed for the plaintiff.