## HOWES RYDER & another *vs.* PHŒNIX INSURANCE COMPANY.

A policy of marine insurance expressed in a printed clause upon its face to be on condition that, if the insured shall have made any prior insurance on the same property, the underwriters shall be answerable only for so much as the amount of such prior insurance may be deficient towards fully covering the property insured, does not attach, if at the time of the making thereof, the insured has prior insurances subsisting on the property to the full amount of its value against the same risks, although part of them were made by a corporation which, since making them, has become insolvent and been dissolved.

CONTRACT on a policy of insurance against the usual marine risks, made by the defendants June 26, 1866, for one year from June 14, 1866, on the barque Dreadnaught, for seven thousand eight hundred dollars, payable to the plaintiffs. The vessel was valued at thirty thousand dollars in the policy, on the face of which was printed the following clause :

" It is hereby agreed, that if the insured shall have made any other insurance upon the barque aforesaid, prior in date to this policy, then the said insurance company shall be answerable only for so much as the amount of such prior insurance may be deficient towards fully covering the property hereby insured, whether for the whole voyage, or from one port of lading or discharge to another ; and the said insurance company shall return the premium, or a ratable part tnereof, upon so much of the sum

by them insured, or for such part of the voyage as they shall be exonerated from by such prior insurance; provided, that no return premium shall be made for any passage whereon the risk has once commenced. And in case of any insurance upon the said barque, whether it be for the whole or part of the voyage, subsequent in date to this policy, the said insurance company shall, nevertheless, be answerable to the full extent of the sum herein insured, without right to claim contribution from such subsequent insurers; and shall, accordingly, be entitled to retain the premium by them received, in the same manner as if no such subsequent insurance had been made. And, in case of loss, such loss shall be paid in sixty days after proof and adjustment thereof."

The declaration contained also a count in money had and received for the premium of seven hundred and forty-two dollars paid upon this policy.

The case was submitted to the determination of the court on agreed facts, the material part of which was as follows:

The barque was totally lost at sea on August 2, 1866. The defendants, a corporation established under the laws of New York and doing business in this Commonwealth under the laws thereof, admit that they had due notice of the loss, and that after proof and adjustment thereof more than sixty days elapsed before this action was brought. The plaintiffs, on June 26, 1866, and at the time of the loss, had other subsisting policies on the barque, from the Triton, the New England, and the Equitable Insurance Companies, to the amount of twenty-two thousand dollars, against the same risks as the policy made by the defendants. The Columbian Insurance Company, a corporation established under the laws of New York and doing business in Boston by an agent under the statutes of this Commonwealth, had also, in November and December 1865, made three policies, amounting in all to the sum of twenty-four thousand dollars, on the same property and against the same risks, each for a year, which expired in November 1866. In all these various policies, as in that made by the defendants, the vessel was valued at thirty thousand dollars. In January 1866 the

Columbian Insurance Company became notoriously insolvent, and the plaintiffs proposed to pay the premiums due on their policies therein up to the time when the vessel had been last heard from, and to cancel the same; but this proposition was not accepted. In February 1866 a judgment was entered by the supreme court of New York declaring that company dissolved and appointing receivers of their property. [The proceedings in that case are stated in *Taylor* v. *Columbian Insurance Co.* 14 Allen, 353.] The receivers so appointed have never paid, and it is now unlikely that they will ever pay, any dividends to the creditors of the company.

*R. H. Dana, Jr. & L. S. Dabney,* for the plaintiffs. 1. The clause known as the American clause was introduced into policies of insurance by underwriters to protect themselves from the operation of the rule of law established in this country by the decision in *Thurston* v. *Koch,* 4 Dall. 348, and recognized in Massachusetts in *Wiggin* v. *Suffolk Insurance Co.* 18 Pick. 145. Its introduction caused no change in the custom already established of making double insurances instead of special insurances on the solvency of prior insurers. Marshall on Ins. (4th ed.) 102. 3 Kent Com. (6th ed.) 280. 1 Arnould on Ins. 294, 296. It does not seem to have been supposed that policies containing this clause would be rendered inoperative by prior insurance by insolvent underwriters. Printed clauses introduced into policies of insurance, the effect of which may be to exempt underwriters from making the indemnification usual by the law merchant, are strictly construed by the courts. 1 Arnould on Ins. 80. *Blackett* v. *Royal Exchange Assurance Co.* 2 Cr. & Jerv. 244, 251. *Yeaton* v. *Fry,* 5 Cranch, 335. *Palmer* v. *Warren Insurance Co.* 1 Story, 360, 364. In the case of this clause Judge Story held that the burden was on the underwriters to show their exemption. *Potter* v. *Marine Insurance Co.* 2 Mason, 475.

In *Kent* v. *Manufacturers' Insurance Co.* 18 Pick. 21, this court held that a subsequent policy with this clause was a contract for the indemnification of the insured, and that the existence of prior policies at any period of the time covered by it was immaterial, if, at the time of the loss, the subsequent policy

was necessary for the indemnification of the insured. The. result of this must be that the subsequent insurers are liable, if, owing to the extinction of a corporation which made a prior policy, leaving no assets, or to the insolvency of such corporation or to any other cause, the insured cannot, at the time of the loss, obtain indemnity from the prior policies. 2 Parsons on Maritime Law, 97. 2 Phil. Ins. § 1257. So where policies covering losses by fire have provided that a subsequent insurance without notice shall render them void, and the insured has procured such, this court has permitted the insured to show, in an action on the prior policy, that a subsequent one is worthless by reason of his own fraud practised in obtaining it, or that by an act of the insured subsequent to its date and before the loss it has become inoperative, and to recover judgment on the prior policy. *Jackson* v. *Massachusetts Insurance Co.* 23 Pick. 418, 423. *Clark* v. *New England Insurance Co.* 6 Cush. 342, 346. *Jackson* v. *Farmers' Insurance Co.* 5 Gray, 52. *Hardy* v. *Union Insurance Co.* 4 Allen, 217.

In estimating the " deficiency of prior policies towards fully covering the property insured " the premium paid on them is deducted from their gross amount; *Kemble* v. *Bowne,* 1 Caines, 75; *Minturn* v. *Columbian Insurance Co.* 10 Johns. 75; 2 Phil. Ins. § 1257; showing that the clause is understood to relate to the real available value of prior policies, and not to their nominal value. When the case of a deficiency resulting from the insolvency of prior underwriters is to be excluded from the cases in which a subsequent insurer shall be held to make indemnity, it is so expressed in the policy. *Whiting* v. *Independent Insurance Co.* 15 Maryland, 297.

2. On June 26, 1866, when the policy declared on was made, the late Columbian Company had become legally extinct by the decree of the supreme court of New York. That court had jurisdiction to make the decree ; and of this the decree itself is *primâ facie* proof, and, being a decree *in rem,* is conclusive on all persons. Constitution of New York, art. 6, § 3; N. Y Rev. Sts. (5th ed.) part 3, tit. 13, *c.* 2, §§ 428 *et seq.*; part 1, *c.* 18, tit. 2, §§ 204, 205; part 3, tit. 4, *c.* 8, §§ 41, 46, 76

*Smith* v. *Lewis*, 3 Johns. 157, 169.    *Woodruff* v. *Taylor*, 20 Verm.
65.    *Carleton* v. *Bickford*, 13 Gray, 591.    *Buffum* v. *Stimpson*,
5 Allen, 591.    At common law, the effect of the extinction of a
corporation is to extinguish all legal claims for or against it.
Angell & Ames on Corp. § 779.    It is for the defendants to
show that under the statutes of New York the effect is less.
The receivers appointed by the court do not represent the cor-
poration as underwriters ; they are only persons having authority
to deal with the assets under statute regulations.    So far, there-
fore, as the Columbian policies are concerned, there was, on
June 26, 1866, no person, natural or juridical, standing to the
plaintiffs in the relation of insurer.    No suit could be brought
on those contracts, either for a loss or to recover premium.    The
only relation the plaintiffs had, resulting from those contracts,
when the policy in suit was made, was that of possible creditors
*in rem* for a dividend of possible assets to be distributed accord-
ing to the law of New York, and not according to the general
maritime law of insurance.    If no loss occurred, the plaintiffs
would not become creditors, and would therefore have stood in
the relation of insured persons to no person, corporation or assets,
after the dissolution of the Columbian Company.    The receivers
would not have been permitted to collect the plaintiffs' premium
notes, when they had no fund to pay a loss if one occurred.
2 Valin, 66.    Pothier des Assur. (Estrangin's ed. 1810) n. 190.
Emerigon on Ins. *c*. 8, § 16.    The only relations, therefore, grow-
ing out of those contracts, were contingent when the defend-
ants' policy was made.

`    *B. R. Curtis & G. L. Roberts*, for the defendants.

GRAY, J.    In case of double insurance, that is, of two insur-
ances on the same interest at the same time and against the
same risks, the general maritime law and the custom, under-
standing and practice of merchants have often differed from
the common law as to the proportions in which the different un-
derwriters should contribute and the mode of enforcing their
liability.

By the general maritime law and the French ordinance of
1681, in case of two policies upon the same property, the

amount of the first of which equalled its full value, that alone was binding, and the second underwriters were exempt, and returned the premium, reserving one half per cent. ; and if the first policy did not amount to the whole value of the property, the second underwriters answered for the surplus only. 2 Valin, 73, and authorities cited. As was observed by Mr. Justice Paterson in *Thurston* v. *Koch*, 4 Dall. 350, " the solvency of the first insurer to the full value being assumed, the ordinance is predicated on the principle that there remains no property to be insured, and of course no risk to be run." A like rule prevailed by custom of merchants in England in the latter part of the seventeenth century. Malynes Lex Merc. 112, 118. *African Co.* v. *Bull*, 1 Show. 132.

Before the American Revolution the rule of the common law was declared and established, that in this, as in any case of two sureties for the same debt, the creditor might recover the whole amount from either, leaving him to sue the other for contribution. *Godin* v. *London Assurance Co.* 1 Burr. 492, 495. Millar on Ins. 266. Marshall on Ins., part 1, *c.* 4, § 4. See also *Fisk* v. *Masterman*, 8 M. & W. 165; *Bruce* v. *Jones*, 1 H. & C. 769 In the leading American case of *Thurston* v. *Koch*, 4 Dall. 348, xxxii, decided in the circuit court of the United States in Pennsylvania in 1800, the law of England, as thus established before the Declaration of Independence, was held to be binding as law here, although the usage in Philadelphia for years had been to settle losses in accordance with the French ordinance and the early English custom. And that decision has been uniformly recognized and followed, in the absence of express stipulation to the contrary in the policy. *Craig* v. *Murgatroyd*, 4 Yeates, 161. *American Insurance Co.* v. *Griswold*, 14 Wend. 461, 473, 493. *Millaudon* v. *Western Insurance Co.* 9 Louisiana, 27. *Cromie* v. *Kentucky & Louisville Insurance Co.* 15 B. Monr. 432. 3 Kent Com. (6th ed.) 280, 281.

But this rule, which obliges the assured to pay a double premium while he secures only one insurance, and allows him to elect, at any time within the period of the statute of limitations, which insurer he will sue and compel to seek contribution

of the other, (who may meanwhile have become insolvent,) has proved so unsatisfactory to merchants and underwriters, that clauses substantially reviving the older rule have been generally introduced in this country. And such a clause is contained in the policy now in suit.

The manifest purpose of this clause is in case of loss to fix by the policy itself the amount for which the underwriter shall be responsible, unaffected by the subsequent insolvency of either underwriter or by any choice of the assured. Insurance of the solvency of an insurer is permitted and practised on the continent of Europe, but has never been in use in England or America. Marshall on Ins. part 1, *c.* 4, § 3. 3 Kent Com. 280. The contingency in which the liability of the defendants is limited by their policy is not " if there shall be any prior insurance actually existing at the time of the loss," but " if the insured shall have made any other insurance prior in date " upon the same property, in which is of course implied " against the same risks, and outstanding at the time of obtaining the second insurance." The amount for which these defendants as second insurers shall be answerable is declared to be, not that amount which the prior insurers may be unable to pay, but " so much as the amount of such prior insurance may be deficient towards fully covering the property hereby insured, whether for the whole voyage, or from one port of lading or discharge to another." In other words, it is determined, not by the amount which can be recovered of the prior insurers, dependent upon the contingency of their solvency ; but by the sum insured by them, as expressed on the face of their policy. The premium to be returned is not merely upon so much of the sum insured as the defendants shall not be required to pay, by reason of its being recovered of the earlier underwriters, but upon so much of the sum or for such part of the voyage insured by them as they " shall be exonerated from by such prior insurance," that is, by the fact of being thereby already insured.

The stipulation does not indeed apply unless both policies according to their terms cover the property at the time and place of the loss. It was therefore held in *Kent* v. *Manufacturers'*

*Insurance Co.* 18 Pick. 19, that if the first policy had expired by its own limitation of time before the loss, the second insurers were liable. But the court said, in illustration of the proposition that the clause regulated the extent of the liability which the second underwriters incurred, " If, for example, the subsequent policy covers the same vessel, voyage and risks, as were covered by the prior policy, the assured would not by the terms of the contract be entitled to recover anything upon the subsequent policy." And it is well settled that nothing done by the parties to the first policy after the execution of the second can alter the relative situation of the parties to the latter, as fixed by the terms of their own contract. It was therefore held by Mr. Justice Story that a discharge of the first policy by agreement of the parties to it, after the making of the second policy, though before any risk attached under the latter, had no effect upon it. *Seamans* v. *Loring*, 1 Mason, 127. In *Macy* v. *Whaling Insurance Co.* 9 Met. 354, this court approved of that decis- ion ; and held that the cancelling of the first policy after the making of a second containing a clause like that now in ques- tion, even before the loss, did not increase the liability of the second insurers ; for, by a construction which would allow it such an operation, as was said by Mr. Justice Hubbard, speaking for the court, " The relations of the parties are altered injuriously to the second underwriters without their consent, and the effect is not only to increase the risk directly, but its tendency, if allowed, would be to make the subsequent underwriters insurers of the solvency of the prior ; because, on any misfortune hap- pening to the prior underwriters, by which their ability to pay losses should be impaired or destroyed, the party would cancel his policy to enable him to resort to his subsequent insurers for losses for which they would not be accountable in case of the continuance of the prior policy." See also *McKim* v. *Phœnix Insurance Co.* 2 Wash. C. C. 95 ; *Murray* v. *Insurance Co. of Pennsylvania*, Ib. 189.

The facts agreed in this case show that at the time of the making of the policy in suit the plaintiffs held other policies prior in date upon the same property, to its full valuation,

against the same risks, which had not been then cancelled, and which would not expire according to their terms until after the time when the loss happened. Upon the grounds already stated, neither the insolvency of the Columbian Insurance Company and the want of funds to pay its liabilities, nor any discharge of those liabilities without the defendants' consent since they made their policy, could increase the liability which they by the terms of that policy had assumed. We need not particularly consider the effect of the proceedings in the courts of New York; for, even if the corporation was thereby dissolved, (which is by no means clear,) its liabilities would be no more thrown upon the defendants, who were not sureties for the payment of their debts nor insurers of their solvency, than if the prior underwriters, being natural persons, had died or become insolvent without performing their agreement. The very statutes of New York, upon which the plaintiffs rely, by providing a mode in which the policies of an insolvent corporation may be cancelled, imply that if not so cancelled they continue to be existing contracts. Rev. Sts. of N. Y. (5th ed.) part 3, tit. 4, *c.* 8, § 86. *Leroy* v. *State Insurance Co.* 2 Edw. Ch. 673. *In re Croton Insurance Co.* 3 Barb. Ch. 643.

The cases of fire insurance, cited for the plaintiffs, in which this court has held that a policy, declared on its face to be void in case of previous insurance on the same property, or in case of obtaining subsequent insurance, was valid if the only other insurance was void for misrepresentation or by its own terms, have no application to this case; for they were not decided, as the learned counsel argued, upon the ground that such other insurance was worthless and could not be enforced, but upon the ground that it was in law and in fact no insurance.

As the defendants' policy never attached, the plaintiffs, as was admitted at the argument, are entitled, upon the second count in their declaration, to *Judgment for a return of premium.*