*C. G. Delano,* for the plaintiff.

*C. Delano & J. C. Hammond,* for the trustee.

---

## WILLIAM LEWIS *vs.* MANUFACTURERS' FIRE AND MARINE INSURANCE COMPANY.

Bristol.   Jan. 5. — Sept. 6, 1881.   FIELD, DEVENS & ALLEN, JJ., absent.

A policy of marine insurance was effected on a vessel and outfits "on a whaling voyage in the Atlantic, Pacific and Arctic Oceans," which provided that the policy attached "on provisions, oil casks, iron boilers and whaling apparatus generally outward, and on oil, bone and other taking, empty casks and whaling apparatus generally homeward;" and that, "as fast as oil, bone and other articles of cargo are procured, this insurance is to attach." The holder effected a subsequent policy on catchings, which contained a clause that, if the insured had made any prior insurance upon the catchings, then the insurer "shall be answerable only for so much as the amount of said prior insurance may be deficient toward fully covering the property at risk." At the time of the loss the amount of catchings on board was less than the amount insured upon them in the first policy. *Held,* that the first policy applied to catchings as soon as they were taken on board, without reference to the fact whether the vessel was on her outward or homeward voyage, and did not cover the outfits and catchings *pro rata;* and that the second policy did not attach.

ENDICOTT, J.   This action is brought upon a policy of marine insurance, issued by the defendant, in the sum of $8000, on catchings on board the whaling barque W. A. Farnsworth, the risk commencing the first day of August 1877, at noon, in the Arctic Ocean. It was designed to cover the interest of the plaintiff and of I. H. Bartlett & Sons in the catchings insured, and also the lays of the master and mate therein. The amount of these lays was $3210, which has been paid by the defendant, and indorsed on the policy. If the policy attached on the owner's

interest to its full value, the plaintiff would be entitled to recover of the defendant $4789. The policy contains this clause: "It is hereby agreed that, if the insured shall have made any other insurance upon the catchings aforesaid, prior in date to this policy, then the said insurance company shall be answerable only for so much as the amount of said prior insurance may be deficient toward fully covering the property at risk, whether for the full voyage, or from one port of lading to another."

Before this policy was obtained, the plaintiff and I. H. Bartlett & Sons had made insurance for their own account in the Atlantic Mutual Insurance Company by several policies; in all of which the vessel was valued at $16,000 and the outfits at $24,000. They all contained a clause by which the insurance upon the outfits was to attach to oil, bone and other articles of cargo as procured. The Atlantic Company has paid a total loss on all these policies.

The defendant contends that it is not liable upon its policy, because, at the time of making it, the insured had prior insurance on the same catchings, to the full amount of their value, against the same risks.

The plaintiff, on the other hand, contends that the ship was on her outward voyage at the time of the loss; and that the policies in the Atlantic Company did not then attach to the cargo, but only covered the outfits.

In order to show that this claim is not well founded, it will be necessary to consider the clause in the Atlantic policies above referred to. The policies were on the plaintiff's ship and outfits " on a whaling voyage in the Atlantic, Pacific and Arctic Oceans." By the terms of the clause, they attached " on provisions, oil casks, iron boilers and whaling apparatus generally outward, and on oil, bone, and other taking, empty casks and whaling apparatus generally homeward; " and, " as fast as oil, bone and other articles of cargo are procured, this insurance is to attach on shipowner's interest therein exclusively, about three fourths of which is to apply to this policy, the crew's share, one fourth, not being covered by this insurance." The ship sailed from New Bedford in December 1876, and was totally lost in the Arctic Ocean in September 1877 by perils of the seas. She had at that time a large amount of cargo on board,

consisting of oil, bone and ivory, in which the owner's interest was $20,790, at the valuations named in the policies.

The plaintiff contends that, in the agreed statement of facts, the defendant fails to show that the ship was not upon her outward voyage at the time of the loss; and therefore the policy did not attach on the cargo, because she was not upon her homeward voyage. But we do not think that is the construction to be given to the clause in the policies. The ship was not insured to a specific port or place and thence home, but upon a whaling voyage in the Atlantic, Pacific and Arctic Oceans. She was on whaling ground while in the Atlantic, and had passed through the Atlantic and Pacific Oceans, and had taken whales upon her passage. And the true construction of the language is, that, as outfits are insured outward and catchings homeward, the voyage is homeward as to the catchings when they are taken on board. And this is confirmed by the subsequent provision, " as fast as oil, bone and other articles of cargo are procured, this policy is to attach to shipowner's interest therein." The Atlantic policies insured the outfits at $24,000, and, as fast as cargo was taken in, that insurance was transferred, by the terms of the clause above recited, from the outfits to the catchings. And as, at the time of the loss, the owner's interest therein amounted in value to $20,790, the Atlantic policies covered the whole of the plaintiff's interest.

The plaintiff also contends that, assuming that the cargo was covered by the Atlantic policies at the time of the loss, they may be construed as covering the outfits and catchings *pro rata*. But the language does not admit of this construction. The insurance " is to attach " to catchings as fast as obtained, that is, is to cover catchings as fast as obtained; and there is no intimation that it is to attach to them *pro rata* with outfits. " The meaning is," as stated by the counsel for the defendant in his argument, " that the amount necessary to cover catchings as they come on board is to be withdrawn from outfits, and for the obvious reason that outfits are consumed and catchings take their place until shipped."

The evidence offered in regard to the intended course of the voyage was, upon this construction of the policy, entirely immaterial, and was properly excluded.

The conclusion therefore is, that, as the owner's interest in the catchings at the time of the loss was $20,790, and as, under the Atlantic policies, he was entitled to be paid therefor to the amount of $24,000, this policy, by reason of the clause relating to prior insurance, did not attach, and would attach only in the event that the owner's interest exceeded $24,000. *Ryder v. Phœnix Ins. Co.* 98 Mass. 185, 192, and cases cited.

The ruling at the trial in favor of the defendant was correct, and there must be                         *Judgment accordingly.*

*C. W. Clifford & F. C. S. Bartlett,* for the plaintiff.

*J. C. Dodge,* for the defendant.