CONN. FIRE INS. CO.

*v.*

MER. & MECH. INS. CO.

(*Supreme Court of Appeals of Virginia, April, 1886.*)

[Virginia Law Journal, 1886, p. 313.]

Fire Insurance—Double Insurance—Contribution between Insurers.[*]
   The doctrine of contribution applies in cases of double insurance, where the engagements of the insurers are for the same person, upon the same subject-matter, and against the same risks.

Appeal from the chancery court of Richmond city.

The opinion states the case.

*Jno. S. Wise* and *W. W. & B. T. Crump,* for appellant.

*Guy & Gilliam,* for appellee.

HINTON, J., delivered the opinion of the court.

The only question in this case is whether certain insurance companies are liable to contribute to the expense of rebuilding certain property which was partially destroyed by fire, under the following circumstances :

On the 2d of July, 1866, Douglas H. Gordon conveyed to Asa Snyder a lot of land, with improvements thereon, situated on the northeast corner of 10th and Cary streets, in the city of Richmond, Va., subject to a ground rent of $1,000, payable to said Gordon semi-annually, on January 1st and July 1st thereafter forever. Subsequently, Snyder encumbered this property by a deed of trust made to secure to one

---

[*]See monographic note on "Insurance, Fire and Marine" appended to Mutual, etc., So. *v.* Holt, 29 Grätt. 612 (Va. Rep. Anno.).

Thomas Wilson the return of certain bonds of the state of Virginia, which had been lent to Snyder by Wilson, and the payment of certain notes for money mentioned in the deed.

Afterwards, in April, 1877, Snyder became a bankrupt, and in the due course of the proceedings James H. Dooley was appointed his trustee in bankruptcy by the judge of the district court of the United States for the eastern district of Virginia.

In this condition of the title to the property, and while the property was in the possession of the trustee in bankruptcy, Gordon, the owner of the ground rent, took out a policy of insurance upon the property for $5,000 in the Merchants' and Mechanics' Insurance Company of Richmond, Va., the obvious purpose and effect of which was to secure him against any loss of ground rent.

In the same month and year, but at a later day of the month, Snyder took out two risks upon the same property, loss, if any, payable to the estate of the said Thomas Wilson, who had in the meanwhile died. One of these policies was issued by the New York Bowery Fire Insurance Company, and the other was issued by the Equitable Fire and Marine Insurance Company of Providence, Rhode Island, and each of them was for the sum of $2,058.

In February, 1880, Dooley, the trustee in bankruptcy, contracted with three insurance companies for insurance on the property in his hands, as trustee, to the amount of $7,789.98.

These three companies were : The Merchants' and Mechanics' Insurance Company, The Virginia Fire and Marine Insurance Company, and the Connecticut Fire Insurance Company, and they took the aforesaid amount of $7,789.98 in equal shares.

A few days afterwards, to wit : on the 28th day of February, 1880, this insurance was accepted and approved by the

1 Va Dec—38

court, and an order was entered, providing that in case of partial loss by fire, the insurance money should be applied to their restoration ; and that in case of total loss, the insurance money should be applied, first, to payment of any back rents that might be due to Douglas H. Gordon ; and, second, towards the payment of the Wilson lien.

Subsequently, to wit : on the 21st of April, 1880, the buildings were partially destroyed by fire, whereupon, upon examination, it was discovered that the buildings could be restored for a sum less than the aggregate amount of the three policies taken out by the trustee, Dooley.

On the 17th of July, 1880, an order was entered by the district court, authorizing the Merchants' and Mechanics' Insurance Company to restore the buildings to as good condition as they were before the fire, and providing, that "upon its doing so, the said company shall be entitled to apply to the cost incurred by it in such reconstruction, the amount for which it is properly liable on its policy, issued to said Dooley, trustee, on said buildings, and also the proceeds of the policies of the other insurers of said buildings, whose policies the said Dooley, trustee, holds ; and to enable the company so to do, the said Dooley, trustee, is authorized to pay to it said proceeds, if realized by him, or assign said policies, if remaining unpaid, to said Merchants' and Mechanics' Insurance Company, or allow the same, if necessary, to be sued upon by it in his name as trustee, so that the said Merchants' and Mechanics' Insurance Company shall, upon so reconstructing said buildings, become entitled to the rights of this court in this cause, and of said Dooley, trustee, in the policies of insurance held by said Dooley, trustee, on said buildings." ·

Thereupon, the Merchants' and Mechanics' Company at once repaired the loss that had been done by the fire, at a cost of $5,772.57, and then claimed of the Virginia Fire and Marine Insurance Company, and of the Connecticut Fire

Insurance Company, each $1,924.19, as their share of contribution to the loss sustained. ,

These companies resisted this claim in the court below upon the ground that both the Gordon and the Wilson policies were liable to contribute to the loss, and consequently that the shares for which they (the Virginia Fire and Marine Insurance Company, and the Connecticut Fire Insurance Company) were liable were smaller.

This was the contention of the appellant in the court below and is his contention here. Can it be sustained? Now the doctrine of contribution is not founded on contract, but is bottomed on general principles of justice. It rests upon the principle of natural justice, that where there are several persons bound for the same person and same engagement, that all of them should contribute *pro rata* to the satisfaction or extinguishment of the common burden, and it has therefore been well said by Mr. Kent in his Commentaries that the doctrine applies very equitably to the case of double insurance, for in such cases the engagements of the insurers are for the same person, on the same subject-matter and against the same risks. Godin v. London Assurance Company, 1 Burr. 492 ; Ang. on Ins., § 26 ; May on Ins., § 448 et seq. ; Thurston v. Koch, 4 Dall. 348 ; Newby v. Reed, 1 Wm. Black 416, and note. But this doctrine has never been held to apply to other cases of insurance, and it can never have place except where there is an identity of interest, person and risk. May on Ins., § 436. Such being the well-established rule on the subject, we have only to look to the Wilson and Gordon policies to see that there is no identity of person or interest. In the case of the Gordon policy it is distinctly expressed in the policy that "it is understood that the interest hereby insured consists of a ground rent, amounting to $1,000 per annum," etc., and in the case of the Wilson policies it is patent that they were made for the exclusive benefit of Wilson's estate,

and that that estate alone had the right to enforce them.    It is equally apparent that the interest secured by these policies are separate and distinct from those secured by the policies taken out by Dooley, trustee.    It may be, as is contended by the appellant, although such does not appear to be the fact from the record, that the appellee, by rebuilding, has relieved itself of all liability under its policy to Gordon, but this collateral result cannot operate to fasten upon that company a liability for which it is not bound either by contract or the law in regard to contribution.

I am unable to perceive any ground upon which the contention of the appellant can be sustained, and the decree appealed from must therefore be affirmed.

Decree affirmed.