McALLISTER et al. v. HOADLEY et al.

(District Court, S. D. New York. November 9, 1896.)

MARINE INSURANCE — LLOYDS' POLICY — SEVERAL LIABILITY TO THE ASSURED FOR WHOLE SUBSCRIPTION—CONTRIBUTION.

A Lloyds' policy insured for $1,000 the lighter A., valued at $4,000. The policy was a printed form, with the printed signatures of 30 individuals, issued and signed by one common attorney. It provided that each subscriber should be severally but not jointly, "liable for 1/30th of $1,000." In the rider was the clause: "All insurance covering the property hereby insured shall contribute simultaneously and for their respective amounts without regard to dates." Two other policies on the same vessel in other companies, insured for $3,000, the residue of her value. On the failure of the defendant company to pay, after a loss amounting to $1,015.53: *Held* (1) that the rider clause had reference only to an apportionment of the loss as between different policies on the same vessel, and had no reference to the liability of the different subscribers to the assured for the amount apportionable to this policy; (2) that this policy under the rider clause was accountable for 1/4 of the whole loss; (3) that in the absence of anything in the policy modifying the common law rule, the assured was entitled to call upon any of the subscribers to pay the stipulated amount of his legal liability, viz., 1/30 of $1,000, until the loss apportionable to this policy was satisfied; and that any of the subscribers paying more than their share, as between themselves, must look to their associates for contribution.

Hyland & Zabriskie and Chas. M. Hough, for libellants.
John T. Fenlon, for respondents.

BROWN, District Judge. On the 19th of March, 1895, the libellants took out a policy of marine insurance from the unincorpo-

rated association known as "The South and North American Lloyds," for $1,000, upon the steam lighter Agnes, valued at $4,000, for the term of one year from March 10, 1895. The association consisted of thirty individuals and firms, whose subscriptions were in print at the end of the policy; and along the margin of the subscriptions was printed, "Each subscriber liable for $1/30$th of $1,000," the figures $1,000 being inserted in writing. Below the names of the subscribers was the written signature, "Whipple & Co., Attorneys." In the body of the policy was the following printed clause, among others:

"And the said firms, corporations and individuals * * * do bind themselves severally and not jointly, nor anyone for the other, to the assured * * * for the true performance of the premises, each one for his own part of the whole amount herein assured."

Two other policies on the Agnes were also taken out by the libellants,—one in the New York & Chicago Lloyds, for $1,000, and one in the East River Mutual Insurance Company, for $2,000. The Agnes was subsequently injured within the risks insured against to the admitted amount of $1,015.53. The libellants settled with the East River Mutual Company for the sum of $507.76, i. e., one-half the loss. The above libel was filed against 15 of the subscribers to the first named policy; only six of them could be served with process, or have appeared. It is admitted that the liability of each of the defendants does not exceed $1/30$th of $1,000, that is, $33.33. The question presented for decision, is whether the libellants are entitled to recover against each of these six up to the limit of their liability under the policy, viz., $33.33 against each, or only $8.46 against each, i. e., $1/30$th of $253.88, the one-fourth of the whole loss.

By the common law of this country, and of England, where different policies of insurance are taken out on the same property, the insured, in case of loss, and in the absence of any contrary stipulations in the policy, is entitled to sue at law any of the insurers under either policy, at his election, and to recover his whole loss up to the amount insured. Either insurer, after paying the loss, is entitled to recover from any other insurers their pro rata upon the other policies. Per Lord Mansfield, in Newby v. Reed, 1 W. Bl. 416; Story, J., in Potter v. Insurance Co., 2 Mason, 475, Fed. Cas. No. 11,332; Insurance Co. v. Griswold, 14 Wend. 462; Lucas v. Insurance Co., 6 Cow. 637.

In some other countries it is provided that a subsequently dated policy is liable only for any deficiency not covered by prior insurance. In America, for the purpose of adopting the latter rule, a clause known as the "American clause" was early introduced into the body of the policy, providing against any right of contribuion in favor of a prior insurer as against a subsequent insurer. See Insurance Co. v. Griswold, 14 Wend. 399; 1 Pars. Mar. Ins. 292. Where no such clause, however, was introduced into the policies, the English rule prevailed. Thurston v. Koch, 4 Dall. 348, Fed. Cas. No. 14,016. This rule, applied to the present case, permits the libellants to recover against any insurer up to the limit of his contract;

that is, up to $33.33, against each of the defendants, unless some provision in the policy restricts this common law right. The only clause of the policy affecting this question is contained in the rider attached to the policy. That clause is as follows: "All insurance covering the property hereby insured shall contribute simultaneously, and for their respective amounts, without regard to dates."

I am of opinion that this clause has no reference to the liabilities of the subscribers to this policy inter sese, or to this policy, when there is no other insurance; but that it has reference solely to other insurance procured by other policies on the same vessel.

(a) This intent is rendered probable from the very fact that this provision is in a rider, and does not form any part of the body of the original policy. A rider has reference, ordinarily, to something extraneous to the original scope of the policy; and it can hardly be supposed that the subscribers intended that the general scheme of their liability, either as between themselves, or to the assured, so far as it rested on this policy alone, should be left to be defined by a rider. On the contrary, in the general scheme of liability, for which the body of the policy provides, it is declared not only that each subscriber binds himself "for his own part of the whole amount assured"; but it is further expressly stated: "Each subscriber liable for $1/30$th of $1,000." That then, in case of loss, is the express contract as to the liability of each.

(b) The final words of the clause in question, "without regard to dates," are to my mind conclusive proof that this clause had reference to other policies only. This language is impossible to be applied to this policy standing alone, when no other policies on the same property exist. The words "for their respective amounts without regard to dates" are of the very essence of this clause; they must stand together, and must refer to the same subject. The manifest reference is to "respective amounts" insured under different dates. What different dates of insurance can there possibly be, except under different policies? There can be no difference of dates as between the subscribers to this policy. For this policy itself shows the intended mode of doing business. All the subscribers' names are a part of the printed form. The policy prescribed the attorneys who are to act for all the subscribers. There is but one written signature, viz., by the attorney of all. There is but one policy; one issue; and one date, viz., the 19th of March, 1895. The rider clause, therefore, cannot refer to the associates under this policy, but only to different policies. Its meaning is the same as if it read: "All insurance policies covering the property insured shall contribute for their respective amounts without regard to the dates of the different policies." The intent is that as between different policies the "American clause" shall not apply, but on the contrary each policy shall pay its proportionate amount only. Had the intention been to limit the recovery that might be had from either of the subscribers under this policy standing alone and by itself, the word "subscribers" would have been used as in other places in the policy; and the words "without regard to dates" would not have been used at all.

The effect of this clause is, therefore, to require the three different policies in the present case to be called on pro rata for the proportionate amount of the loss. The libellant has acted upon this principle in obtaining payment from the East River Mutual Insurance Company of one-half of the loss, as that Company's policy covered half the total insurance. The defendants' association, having insured for one thousand dollars, i. e., the one-quarter part of the whole insurance, can only be called on to pay under the rider clause one-quarter part of the aggregate loss, viz., $253.88.

As regards the manner, however, in which the libellant may collect this $253.88 from the 30 subscribers to this policy, there is nothing in the policy, or in the rider that modifies the common law right of the insured to prosecute all or any of the several individual obligors, and recover against each up to the limit of his stipulated legal liability, so far as necessary to make good the loss apportioned to this policy as a whole. The right of the assured to recover in this manner arises from the very nature of the engagement, by which each individual under this policy has expressly stipulated that he is "liable for one-thirtieth of $1,000"; and as each one has thus made himself legally liable for that amount, all or any of them are liable to be called on to pay that amount until the claim under the policy is satisfied. As between the subscribers themselves, it is for those who pay more than others to resort to them for proportionate indemnity, which they are entitled to do both under the express clause of subrogation which the body of this policy contains, as well as by the equitable right which the law would recognize even without that clause. Such a course is also more compatible with justice; for in an action for contribution brought by those who have paid, all the others may be joined as defendants in one action; and in the case of the insolvency of some, the deficiency would be equitably distributed among the solvent defendants so long as the limit of their liability was not exceeded; whereas, if the contrary rule were applied, the insured could have no such equitable relief, and must wholly lose whatever he should be unable to collect of any one of the subscribers. Plainly the common law rule, as established by Lord Mansfield, is eminently equitable in both directions.

Decree for the libellant against each defendant for **$33.33**, with interest and costs.