## SUMNER et al. v. PIZA.

### (District Court, S. D. New York. January 9, 1899.)

INSURANCE—LLOYD'S ASSOCIATION—EACH MEMBER LIABLE FOR HIS WHOLE SUBSCRIPTION.

Thirty individuals formed an association, and signed by attorney an insurance policy, by which each individual subscriber was expressly declared to be liable for $1/30$ of $1,250, the amount insured, and a loss thereupon arose to about $1/5$ of the amount insured; and the policy further providing that the associates were liable severally and not jointly; *held*, that the insured might recover against each individual subscriber to the full amount of his liability until satisfaction for the loss was obtained, and that the insured was not limited to the subscriber's mere proportionate share of the partial loss; and that any subscriber thus paying more than his proportion, must look to his associates for indemnity.

In Admiralty. Marine Insurance. Lloyd's Policy.

Butler, Notman, Joline & Mynderse and F. M. Brown, for libelants.

Martin & Weil, for respondent.

BROWN, District Judge. The defendant Piza is one of 30 persons forming the insurance association called the South & North American Lloyd's. The association issued a marine policy dated May 12, 1895, signed in behalf of the 30 associates by Whipple & Co., attorneys, whereby they insured the schooner Walter Sumner, valued at $6,000, for the sum of $1,250, for one year from May 25, 1895, to May 25, 1896. The libel alleges a loss on February 1, 1896, within the policy; that on April 28, 1897, the loss was duly adjusted at $1,309.34, after deducting all claims for general average, of which loss $272.78 was chargeable to and formed a loss under said policy. The answer of the defendant Piza admits the making of the policy, and expressly states that it does not deny the other allegations in the libel as respects the loss and adjustment. It further avers that before the commencement of the action the respondent tendered to the libelants the sum of $9.93, with interest from April 28, 1897, the date of the adjustment, "the same being $1/30$ of the amount, to wit, $272.78, which according to the libel the libelants became entitled to receive from each subscriber, and avers that the said sum of $9.93 is all that the libelants are entitled to receive from the respondent under the provisions of the policy. The libel alleges, on the other hand, that each subscriber bound himself for $1/30$ of $1,250, i. e. $41.67, and the libelants therefore claim from any and each of the associates $41.67 (the associates being severally and not jointly liable) until the loss payable under this policy is made good.

Under the pleadings and the stipulation between the parties I find that there is no dispute as to the adjustment of the sum of $272.78 as the amount chargeable against this policy for the loss. The only question is whether the libelants under the provisions of the policy are in law entitled to recover from the respondent under the provisions of the policy $9.93 or $41.67, more than either amount being still unpaid.

The provisions of this policy are almost identical with those of the policy in the case of McAllister v. Hoadley, 76 Fed. 1000. Both contain the same clause, that the members of the association "bind themselves severally and not jointly, nor any one for the other, to the assured, for the true performance of the premises, each one for his own part of the whole amount herein assured." In this case also as in the former it is expressly stated: "Each subscriber liable for $1/30$ of $1,250." In the present policy there is no rider, such as was in the former case; but this policy contains what is termed the "American clause," which, however, has reference only to other policies, either anterior, contemporaneous with, or subsequent to the present policy; and no such other policy is here presented for consideration. It is manifest that the "American clause" has no reference to the liabilities of the associates under this policy as between themselves, or to their individual liability to the assured under this policy alone; and that is the only question here arising. That clause relates solely to the relations of the associates as a whole under this policy, considered as a single policy, to amounts insured under other policies. As I have said, there is no evidence before me as regards any other policies. If there was any other insurance affecting the liability of the associates under the present policy, it was for the defense to produce the evidence of it.

For the reasons stated in the case of McAllister v. Hoadley, supra, I must hold here, as in that case, that the assured, being bound to proceed against the associates severally, and not jointly, is at liberty to proceed against any of them and hold each for the whole of the amount of his stipulated liability, namely $1/30$ of $1,250, until satisfaction is obtained. The libelants cannot maintain an action against the associates jointly, because the express terms of the contract exclude all joint liability. By its express terms on the other hand, it does declare that "each subscriber is liable for $1/30$ of $1,250"; and there is nothing in the policy which in any way estops the libelants from recovering this stipulated sum from each and any of them until satisfaction is obtained; and except upon some stipulation to the contrary, it has long been the established law that the assured can resort to each insurer liable and recover to the full extent of his liability until satisfaction is obtained. The different insurers must look to each other for contribution. I need not repeat what was previously said on this point, and I only add that all considerations of equity and general convenience, as well as the rule that the language of an instrument, in case of doubt, is to be taken against the party preparing it, seem to me to require an adherence to the former decision. In the case of Straus v. Hoadley, 23 App. Div. 360, 48 N. Y. Supp. 239, to which my attention has been called, the question here presented was not involved.

Decree for the libelants for $41.67 and interest.