PHILANDER J. CARLETON & another *vs.* CHINA MUTUAL INSURANCE COMPANY.

Suffolk.     March 28, 1899. — September 20, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Marine Insurance — Construction of Policy.*

In a policy of marine insurance providing for other insurance "prior in date to this instrument," and for insurance "subsequent in date to this policy," and that "other insurance upon the premises aforesaid, of date the same day as this

instrument, shall be deemed simultaneous herewith, and the said company shall not be liable for more than a ratable contribution in the proportion of the sum by them insured to the aggregate of such simultaneous insurance," the words, " of date the same day as this instrument," refer to the date when the instrument was executed, and not to the date when the risk attached.

CONTRACT, upon a policy of marine insurance. The case was submitted to the Superior Court, and, after judgment for the plaintiffs in the sum of $718.48, to this court, on appeal by the plaintiffs, upon agreed facts, in substance as follows.

The plaintiffs are copartners and shipowners, residing in Rockport, in the State of Maine, and doing business under the firm name of Carleton, Norwood, and Company. During the years 1895 and 1896 they were the owners of the American ship William H. Macy, of Rockport.

Subject to the objection and exception of the plaintiffs, who contend that the fact is not admissible in evidence, it is agreed that in August, 1895, they held a policy of the defendant company, dated August 21, 1894, for " Ten thousand dollars on freight on board or not on board ship Wm. H. Macy at and from expiration of policy No. 37,437 for one year from the twenty-first day of August, 1894, at noon."

It is further agreed, subject to the same objection and exception, that in August, 1895, the plaintiffs held a policy of the Boston Marine Insurance Company, dated August 20, 1894, for " Ten thousand dollars on freight under deck on board or not on board ship Wm. H. Macy for one year from August 21, 1894, at noon."

On August 2, 1895, the plaintiffs applied to the defendant for a new policy on freight of the William H. Macy, " to take effect from the expiration of the former policy." This application was accepted, and the plaintiffs received a policy of the defendant, dated August 2, 1895, for " Ten thousand dollars on freight on board or not on board the ship Wm. H. Macy, from expiration of policy No. 38,306 for one year from the 21st day of August, 1895, at noon."

On or about August 13, 1895, the plaintiffs applied to the Boston Marine Insurance Company for a new policy and received a policy of that company, dated August 14, 1895, for " Ten thousand dollars on freight on board or not on board ship

Wm. H. Macy for one year from the 21st day of August, 1895, at noon.   Policy No. 62,732 is hereby terminated."

Each of the policies contained the following clause : " And it is hereby agreed, that if the said insured shall have made any other insurance upon the property aforesaid, prior in date to this instrument, then the said Insurance Company shall be answerable only for so much as the amount of such prior insurance may be deficient towards fully covering the property hereby insured, and the said Insurance Company shall return the premium upon so much of the sum by them insured as they shall be by such prior insurance exonerated from, provided that no return premium shall be made for any passage whereon the risk has commenced.   And in case of any insurance upon the said property subsequent in date to this Policy, the said Insurance Company shall nevertheless be answerable for the full extent of the sum by them subscribed thereto, without right to claim contribution from such subsequent insurers, and shall accordingly be entitled to retain the premium by them received in the same manner as if no such subsequent insurance had been made.   Other insurance upon the premises aforesaid, of date the same day as this instrument, shall be deemed simultaneous herewith, and the said Company shall not be liable for more than a ratable contribution in the proportion of the sum by them insured to the aggregate of such simultaneous insurance."

During the year prior to August 21, 1895, and during the year subsequent to that date, there was no other insurance than that above mentioned on the freight of the ship William H. Macy.

The ship sailed from New York on or about August 12, 1895, for Yokohama, Japan, having on board a cargo, the freight on which amounted to $6,237.22 ; and the ship, at the time of sailing and until the disaster hereinafter referred to, was seaworthy.

On or about October 15, 1895, and before her arrival at Yokohama, the ship sustained injuries involving a loss of freight by perils insured against in the policies to the amount of $1,436.96.

On or about March 1, 1897, due proof of loss according to the terms of both of the policies was made to the defendant and to the Boston Marine Insurance Company, and an adjustment of the loss was on that date submitted to the companies.   Sixty days from

March 1, 1897, namely, on May 1, 1897, there became payable to the plaintiffs from one or both of the companies the sum of $1,436.96.

The defendant contends that, according to the terms and conditions of its policy, there is due from it to the plaintiffs only the proportion of the loss which the amount of its insurance on the freight bears to the total insurance thereon at that time, namely, one half of the loss of $1,436.96, amounting to $718.48, with interest from May 1, 1897, and the defendant has heretofore filed in court an offer of judgment for that amount, which offer it affirms.

The plaintiffs contend that the defendant is liable to them for the full amount of the loss, namely, $1,436.96, with interest thereon from May 1, 1897.

*E. P. Carver,* for the plaintiffs.

*J. D. Bryant,* for the defendant.

LATHROP, J.   The question presented in this case is a very narrow one.   It arises under the third part of what is known as the American clause.   The history and object of the first two parts are set forth in *Ryder* v. *Phœnix Ins. Co.* 98 Mass. 185. Briefly stated, it may be said that by the general maritime law, the French ordinance of 1681, and by the custom of merchants in England in the latter part of the seventeenth century, in the case of two policies upon the same property, the amount of the first of which equalled its full value, that only was binding; and the second underwriter was exempt, and returned the premium, less a certain percentage.   If the first policy did not amount to the whole value of the property, the second underwriter was liable for the surplus only.   It was, however, decided before the American Revolution that at common law the insured might recover from either insurer, leaving him to sue the other for contribution.   This was followed by some cases in this country; but this view of the law was not satisfactory to merchants and underwriters, and in consequence of this dissatisfaction an attempt was made to change the law by inserting a clause in the policy expressing the intent of the parties; and the first two parts of the clause before us were early adopted.   The last part is of recent origin.

The contention of the defendant is that the policy issued by

the Boston Insurance Company, dated August 14, 1895, is a policy simultaneous with the one issued on August 2, 1895, by the defendant, because each policy was on freight on board or not on board for one year from August 21, 1895, at noon.   The language of this part of the clause is : " Other insurance upon the premises aforesaid, of date the same day as this instrument, shall be deemed simultaneous herewith, and the said company shall not be liable for more than a ratable contribution in the proportion of the sum by them insured to the aggregate of such simultaneous insurance."   But we are clearly of opinion that the object of this clause was to avoid the difficulty presented by the case of *Potter* v. *Marine Ins. Co.* 2 Mason, 475, where it was held that if two policies were executed on the same day, it must be determined which of them was first executed.   See also *Brown* v. *Hartford Ins. Co.* 3 Day, 58.

The earlier provisions of the clause provided for other insurance " prior in date to this instrument," and for insurance " subsequent in date to this policy."   Then comes the clause in question on which the defendant relies ; and it is clear that the words in the third clause, " of date the same day as this instrument," refer to the date when the instrument was executed, and not to the date when the risk attached.   This is the natural and obvious meaning of the words used, as it is the natural and obvious meaning of the corresponding words in the other clauses. The parties to the case were at liberty to fix the date at such time as they saw fit, and they have fixed it by reference to the day of the execution of the policies.

The defendant relies upon two statements of Mr. Phillips, Phil. Ins. (5th ed.) 1261.   " There seems to be nothing in the common phraseology of the policy to prevent the construction, that the clause refers to the commencement of the risk. . . . The better doctrine seems to be, that the clause relative to prior insurance, in the common form, as between the underwriters on divers policies, has reference to the commencement of the risk upon any specific subject."   The section in which these statements occur is devoted to a consideration of the case of *American Ins. Co.* v. *Griswold*, 14 Wend. 399, and a reading of the entire section shows that the question which is before us was not in the mind of Mr. Phillips at all, nor was it presented in the case

he was considering. Mr. Phillips begins the section by stating the questions he was about to discuss as follows : " Whether, if divers policies containing the clause relative to prior insurance are successively made on property of an amount sufficient at the outset to fill them all, but which, after the risk has begun, is diminished below that amount, the insurance under the several policies is diminished proportionally, or the risk continues to the full amount on the prior policies, and ceases under the subsequent ones ? " Then, too, the language of Mr. Phillips in connection with the statements cited by the defendant's counsel shows that he was considering the case of two or more policies being in force, and then a diminution of the cargo, and a subsequent loss greater than the amount covered by the first policy. On this question Mr. Phillips adopted the view of Senator Tracy, with whom Senator Jones voted, against the view of Chancellor Walworth, the President of the Senate, and twenty senators; and the judgment of the Supreme Court against the first insurance company was affirmed. *American Ins. Co.* v. *Griswold*, 14 Wend. 399.

We do not deem it necessary to discuss the case last cited at any length, but merely to state some of the facts. The appellant, on May 17, 1824, insured the appellees in the sum of $20,000 for the term of eighteen months, commencing at the day of the date of the policy, on goods laden or to be laden on board a certain ship. The policy contained in substance the first two parts of the clause relating to prior and subsequent insurance which are in the policy before us, but did not contain the last part. The vessel sailed on May 21, 1824, with a cargo invoiced at over $40,000. On May 26, the appellees procured another policy, upon the same risk, in a different company, for $10,000, commencing May 18, 1824; and two days after procured another policy upon the same risk, in a third company, for $15,000, for the term of eighteen months, commencing on the day of the date of the last policy. The latter policies were of similar tenor and effect in all respects as the first, except as to the commencement and termination of the eighteen months. On October 6, 1824, the vessel arrived at Callao, and cargo amounting to nearly $21,000 was landed and disposed of. On November 3, the ship and cargo, invoiced at

$27,000, were seized by the Spanish military commandant, and lost to the owners.

While the latter part of the clause is not to be found until within recent years, the other parts have been before the courts in many cases, and we have not found one in which there is a suggestion that the words have any different meaning from that which they naturally import. The cases on the American clause are collected in 1 Pars. Mar. Ins. 285–296, and Phil. Ins. (5th ed.) 1251–1264.

The only decision that we are aware of that supports the defendant's view is that of one of the eleven Chancellors of the State of Tennessee, under a policy similar to that in the case at bar ; but as he was overruled by the Supreme Court of that State, the weight of authority on this point is in favor of the plaintiff. *Deming* v. *Merchants' Cotton Press Co.* 90 Tenn. 306, 340–346. Moreover, it is to be said that the ground of the Chancellor's view was that, the policies being open policies, the property was not insured until it came within the scope of the policies, and it was said : " The rule making the date of the policy the date of the insurance applies to valued policies, but not to open policies."

In the case at bar the policies were not open policies, and although the risk did not begin to run until a future day, this did not prevent the parties from making the question of prior or subsequent insurance depend upon the day of the execution of the policy, instead of the day of the attaching of the risk. In reaching this conclusion we have assumed that the evidence objected to by the plaintiffs was admissible. There must, therefore, be a judgment for the plaintiffs for $1,436.96, with interest thereon from May 1, 1897.

*So ordered.*