924

**LIBERTY MUT. INS. CO. v. CITIZENS CAS. CO.**

No. 1293.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 26, 1953.

Decided Feb. 17, 1953.

Hugh Lynch, Jr., Washington, D. C., with whom C. E. Channing, Jr., Washington, D. C., was on the brief, for appellant.

Denver H. Graham, Washington, D. C., with whom Albert E. Brault, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

One insurance company sued another, demanding reimbursement for one-half of expenses incurred in connection with the investigation and settlement of a personal injury claim under policies written by the two companies. On defendant's motion the trial court dismissed the complaint. Plaintiff has brought this appeal.

The complaint alleged that the two insurance companies, plaintiff and defendant, carried policies of indemnity insurance on a man named Pearson which required each company to pay on behalf of Pearson, or on behalf of anyone legally liable for his actions, damages arising out of the use of an automobile owned by Pearson; that the policies required the respective insurers to defend any suit against Pearson, the two companies retaining the right to make investigation and also, as they might deem expedient, to negotiate and settle any claim or suit; that while Pearson was operating his automobile and while he was allegedly on the business of his employer, The Washington Post, he was involved in a collision which resulted in serious injuries to a Florence Bugbee; that Bugbee made claim upon both insurance companies alleging that Pearson and The Washington Post were liable for her injuries; that after settlement offers were refused Bugbee brought suit against Pearson and The Washington Post; that Pearson defended the suit by his own attorney and Liberty Mutual (the plaintiff) employed attorneys to defend The Washington Post; that defendant Citizens Casualty took no part in the defense of the case "although it was their duty to promote a defense for The Washington Post Company;" that plaintiff made repeated requests on defendant to share the expense of defending The Washington Post; that defendant received the benefits of the defense of The Post and took advantage of the settlement negotiations which finally disposed of the case; that the suit had been concluded and that plaintiff paid $1899.33 for expenses, including legal fees; that there was an implied agreement that the two insurers would share the expense of defending the suit; that The Washington Post and its insurer

Liberty Mutual "were third party beneficiaries of the contract of insurance between the Citizens Casualty Company and Samuel Mark Pearson in that they were entitled to a defense of this suit or the reasonable value thereof;" that defendant refused to pay its part of the expenses of the defense and hence plaintiff demanded $949.67, one-half of the amount above-named.

We are somewhat handicapped in our approach to the case because the trial judge filed no memorandum and gave no reason for his order of dismissal. Defendant's motion to dismiss was based principally on the grounds that there was no privity of contract between the two insurers and no liability on defendant's part because of the absence of an express agreement.

We are of the opinion that the suit should not have been dismissed and that defendant should have been required to plead to the merits. The trial court failed, we think, to apply the well-established and oft-repeated rule, "that on a motion to dismiss, the plaintiff's allegations are to be taken as true and all reasonable favorable inferences arising therefrom are to be indulged. * * * A motion to dismiss should not be sustained 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim' set forth by the plaintiff." Callaway v. Hamilton Nat. Bank of Washington, 90 U.S.App.D.C. 228, 195 F.2d 556, 559.

Neither of the two policies was before the court; nor were the several letters from plaintiff to defendant. Nor was the court informed of the amount paid in settlement of the Bugbee suit or by which insurer, or the circumstances under which plaintiff incurred and paid out the expense money involved. Without knowledge of these and other related circumstances it seems clear that the trial court was in no position to rule that plaintiff had no case. These should be developed by an answer to the complaint, by deposition and discovery (or other available pretrial procedures) or by a trial on the merits.

Though we would prefer to settle the law of the case by this opinion we cannot do so on the basis of the present record. We would only be making abstract expressions if we attempted to say what rule or rules of contribution (or possibly subrogation) would apply to this case. Statements on the subject and numerous case citations are to be found in 18 C.J.S., Contribution, § 1 et seq.; 46 C.J.S., Insurance, § 1207, et seq.; 29 Am.Jur., Insurance, secs. 1333, 1334; 8 Appleman, Insurance Law and Practice, sec. 4911, et seq. (1942); Thurston v. Koch, 4 Dall. 348, 1 L.Ed. 862. When the facts are more fully developed the legal questions will appear in proper focus.

For the present we rule only that plaintiff's complaint was sufficient to permit proof of its claim. To repeat what we said a few days ago, "We do not intimate that plaintiff must prevail at a trial on the merits. It may even be that [its] claim will not survive the tests to which it may be subjected by proper procedures in advance of trial. But we are clear in our view * * * that the motion to dismiss should have been overruled." Hall v. Field Enterprises, Inc., D.C.Mun.App., 94 A.2d 479.

Reversed.