Such being our view, we cannot interfere with the verdict, and the judgment and order should be affirmed, with costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Judgment and order denying new trial affirmed, with costs.

---

MARY FEATHERSTON, Respondent, *v.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE NEWBURGH AND COCHECTON TURNPIKE ROAD, Appellant.

*Personal injury caused by an obstruction in a highway — a judgment against the plaintiff, in an action against the wrongdoer, is a bar to an action against the turnpike company.*

A judgment in favor of the defendant upon the merits, on the ground of contributory negligence on the part of the plaintiff, entered in an action, brought against the party who has placed an obstruction in a highway which a turnpike company is bound to maintain, to recover damages for a personal injury caused by such obstruction (the turnpike company not being a joint wrongdoer), is a bar and available as a defense to a subsequent action brought by the same plaintiff against the turnpike company for the same cause of action.

APPEAL by the defendant, the President, Directors and Company of the Newburgh and Cochecton Turnpike Road, from an order of the Supreme Court, made at the Orange County Special Term on the 25th day of March, 1893, and entered in the office of the clerk of Orange county, sustaining the plaintiff's demurrer to a part of the defendant's answer.

*E. A. Brewster*, for the appellant.

*A. H. F. Seeger*, for the respondent.

DYKMAN, J.:

This is an appeal from the order sustaining a demurrer by plaintiff to one of the separate defenses set up in the answer of the defendant. The action was for the recovery of damages for personal injuries sustained by the plaintiff upon the defendant's road caused by an obstruction which was permitted to remain there by the

defendant. After stating that the defendant was a turnpike corporation, organized under a special act of the Legislature of the State, and that the road was a public highway, and that it was the duty of the defendant to keep and maintain the same reasonably free from obstructions, the complaint proceeds to allege that while she was walking upon the road or highway of the defendant opposite and near the premises of one Daniel A. Shafer, in the village of Montgomery, in the county of Orange, she fell over a log of wood lying upon a stone wall built upon such highway, bounding an area or passageway over the highway to the basement of the barn or stable upon the premises of Shafer, which log, stone wall and area or passageway were carelessly and negligently allowed and permitted by the defendant to be open and to obstruct defendant's said highway, in consequence of which negligent act of the defendant the plaintiff was precipitated over the said log and into the said area or passageway upon the defendant's road and sustained the injuries complained of in the complaint.

In the answer to the complaint, the defendants set up a separate defense in the following words: "For a further answer and defense, the defendant states that the alleged obstructions over which the plaintiff alleges that she tripped and fell, were placed and maintained where they were by one Daniel A. Shafer, and if the plaintiff should recover damages against these defendants in this action, they would have a right of recovery over against said Shafer for the same, if such right of recovery had not been destroyed by the judgment in the action hereinafter mentioned, but the plaintiff cannot maintain the present action, because on March 22, 1892, she brought her action in this court against said Daniel A. Shafer, to recover her damages sustained by means of the same identical injuries alleged in the complaint in this action. Said Shafer put in his answer to said complaint, alleging, among other things, that such injuries were caused by the contributory negligence of the plaintiff. Said action was duly tried, and decided on its merits, in favor of the defendant, and judgment in said action was duly entered in the Orange County Clerk's office, November 21, 1892, in favor of defendant Shafer, against the plaintiff, and this defendant claims and insists that such judgment is a bar to the present action, because it is an adjudication against the plaintiff's right to recover for said

alleged injuries, and also because it deprives these defendants of the right of recovery over against said Shafer.

"The defendants, therefore, claim that the complaint in this action be dismissed, with costs."

To this portion of the answer of the defendants the plaintiff interposed a demurrer, which was tried at Special Term and sustained, and the defendant has appealed to this court.

The statement in the answer shows that Shafer was the wrongdoer, and that his act was the cause of the injury sustained by the plaintiff. So it seems to follow that if Shafer was not liable for creating and maintaining the obstruction, the defendant cannot be liable for the failure to remove them.

If Shafer was not liable because the plaintiff's own negligence produced the injuries of which she complains, the defendant is not liable for the same reason. Shafer and the defendant were not joint wrongdoers, and the rule that one wrongdoer cannot recover against, or compel contribution by another, does not apply.

The relation between Shafer and the defendant was analogous to that of principal and agent, or principal and surety, or master and servant, and the rule in such cases is that a judgment in favor of the principal or the surety upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action. (Herman on Estoppels, 169; *Castle* v. *Noyes,* 14 N. Y. 329.)

It is now settled in this State that where a person has negligently or wrongfully created an obstruction or defect in a street, and a municipal corporation is compelled to pay a judgment for damages sustained by an individual, caused by such obstruction or defect, the municipality has an action over against the person creating or maintaining such obstruction or defects. (*The Village of Port Jervis* v. *The First National Bank of Port Jervis,* 96 N. Y. 550.)

Under this rule of law, the turnpike company would be entitled to recover from Shafer any amount the plaintiff might recover against it. Such right would rest upon the principles of subrogation. The turnpike company would be entitled to be subrogated to plaintiff's right of action against Shafer, but the judgment on the merits in Shafer's favor in the plaintiff's suit against him, relieves him of all liability to the plaintiff, or any person claiming under her, for the same cause of action.

The plaintiff, therefore, by being barred by the judgment in Shafer's favor, is equally barred from any action against the company under the rule that whatever discharges the principal discharges the surety. As she had no cause of action against Shafer, she can have no cause of action against the defendant, and, therefore, the portion of the answer to which the demurrer relates does set up, in our judgment, a valid defense to the action, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the defendant should have judgment upon the demurrer, with costs.

BARNARD, P. J., concurred.

Order sustaining demurrer to part of answer reversed, with ten dollars costs and disbursements, and demurrer sustained, with costs.