(16 Misc. Rep. 95.)

### ISEAR v. McMAHON et al.

(Supreme Court, Special Term, New York County.    February, 1896.)

1. JOINDER OF CAUSES—DEMURRER.
  Under Code Civ. Proc. § 490, which requires a demurrer on the ground that causes of action have been improperly united (section 484, subd. 7) to set out specifically the particular defect relied upon, a demurrer which states the objection in the language of the statute is bad on its face.

2. ACTION—JOINDER OF DEFENDANTS—COMMUNITY OF INTERESTS.
  Under Code Civ. Proc. § 454, providing that two or more persons severally liable on the same written instrument may be included as defendants in the same action, a single suit will lie against all the underwriters of an insurance policy which, though it did not impose on them any joint liability, nor render them severally liable for the whole amount of insurance, showed a community of interest on the part of all the underwriters, and contemplated action on their part, both before and after loss, through a common agent.

Action by Sacharize Isear against J. G. McMahon and others, members of the Imperial Fire Lloyds of New York, on a policy of insurance. Defendants demurred to the complaint on the ground that causes of action were improperly united.    Overruled.

Albertus Perry, for plaintiff.
Menken Bros., for defendants.

BEEKMAN, J.    This action is brought against 10 defendants as underwriters of a policy of insurance, under which they undertook to insure the plaintiff against loss or damage by fire to certain property therein mentioned, for the term of one year from the 16th day of October, 1894, to an amount not exceeding in the aggregate the sum of $2,500. While all the underwriters united in the execution of the policy, they did not assume any joint liability for the amount of the loss, nor are they severally liable for the whole amount of the in-

surance; but each one, "acting separately, and not one for the other or for any of the others," agrees to insure the plaintiff to the extent of the sum set opposite his name, to wit, $250. The plaintiff sets out the contract of insurance, alleges a loss within the terms of the policy, and its adjustment with the underwriters, and asks judgment against the defendants for the amount thereof. One of the defendants demurs to the complaint on the ground that it appears upon the face of the complaint that causes of action have been improperly united. The demurrer is bad upon its face, in view of the fact that it fails to comply with section 490 of the Code of Civil Procedure, which requires that an objection taken by demurrer under subdivision 7 of section 488 must point out specifically the particular defect relied upon. A statement of the ground of the demurrer in the language of the subdivision in question is not sufficient. However, this objection was not raised upon the argument, and as the question is one of considerable importance, involving other litigations than the one now before me, and has been fully argued by counsel on both sides, I have determined to disregard the defect, and to consider the issue intended to be raised as if it had been properly set forth in the demurrer. The claim of the defendant is that the complaint states a separate, distinct, and independent cause of action against each one of the defendants; that none of the defendants is in any way concerned in or affected by a claim against the others, or by the event of the action as to them or any of them; that each is therefore a stranger to the controversies between the plaintiff and the others; and that consequently, within well-established principles, these causes of action are improperly united in one suit. Upon the other hand, the plaintiff contends that the action is well brought, under section 454 of the Code of Civil Procedure, which provides that:

"Two or more persons, severally liable upon the same written instrument, including the parties to a bill of exchange or a promissory note, whether the action is brought upon the instrument or by a party thereto to recover against other parties liable over to him, may, all or any of them, be included as defendants in the same action, at the option of the plaintiff."

A question is therefore presented requiring the construction of this section. Is it confined in its operation only to actions where the defendants are severally liable for, or in respect to, the same indebtedness? I do not see any sound reason why such a limitation should be imposed upon this section. It is not within its letter, and, according to the view which I take of it, not within its spirit. The section is highly remedial in its character, and was obviously intended to prevent a multiplicity of actions, and to provide for the settlement in one suit of claims which the plaintiff might have against various parties arising out of the same contract. The convenience of the rule is apparent. Debts so arising, although they may constitute separate causes of action in respect to the several parties uniting in the execution of the instrument, have a common origin, springing out of the same subject-matter, and, except in a limited class of cases, the defenses which may exist are common to all the parties. The great economy of time and expense which attends the uniting of such causes of action in one suit is apparent, and, as this was the principal

motive of the enactment, the section should be construed with great liberality, so as to bring within its scope all cases where several causes of action arise upon the same written instrument.     Certainly the case is not one in which the letter of the statute should receive a restricted interpretation.     There is nothing in the other sections of the Code bearing upon the question which renders the construction, which I believe to be the correct one, at all inharmonious.     Section 455 provides that the joinder of a person as defendant in an action with another person, as prescribed in the section in question, "does not affect his right to any order or other relief to which he would have been entitled if he had been separately sued in the action." Section 456 authorizes a severance of the action whenever it may be desirable so to do.     Furthermore, each defendant is at liberty to set up any individual defense that he may have, or any counterclaim. Code Civ. Proc. § 501.     And the power of the court to render an appropriate judgment in such a case is ample.     Sections 1204, 1205. It is therefore impossible to see how the demurrant in this case can in any way be prejudiced by being sued with his fellow underwriters in one action.     He enjoys every right to which he is legitimately entitled, and which he would have possessed had the action been brought against him alone.     There are comparatively few cases in which the section of the Code in question seems to have undergone examination.     The case of Carman v. Plass, 23 N. Y. 286, seems to be the leading one upon the subject.     In that case a tripartite indenture was entered into between the plaintiff as lessor, one of the defendants as lessee, and the other defendant as guarantor of the performance by the lessee of the covenants contained in the lease.     The lessee having made default in the payment of rent, the action was brought against him, and also against the guarantor, to recover the same.     A demurrer was interposed by the defendants on the ground that no cause of action against the defendants jointly was set forth in the complaint. Judge Denio, in the opinion of the court overruling the demurrer, says that the case comes precisely within the language of section 120 of the Code of Procedure, which was reproduced in section 454 of the present Code, and that the provision relates, in terms, to cases where a plurality of persons contract several obligations in the same instrument.     The case is distinguished from those in which the guarantor had executed a different instrument, and this distinction emphasizes the view that the statute refers not so much to the nature of the contracts as to the manner and form in which they are expressed and embodied.     In other words, where they are evidenced by, and associated together in, a single instrument, they are within the statute which authorizes an enforcement of each under a similar association in one action.     It is a matter of common knowledge that within a few years this method of insurance, distinctively known as "Lloyds," has grown to very large proportions.     In many cases the number of underwriters amounts to 100 or more, and it would be a substantial denial of justice to require the insured to bring 100 or more actions in order to enforce his rights under the policy.     This fact should operate most persuasively upon the court in favor of a construction of the law under which a single action against all may

be sustained. An examination of the policy in question shows a community of interests on the part of all the underwriters in the contract. It contains a large number of conditions on the part of the insured, in the performance of all of which they have a common concern. After a loss has occurred, the insured is required to give notice of the same to the attorney in fact of all the underwriters, with whom he is required to deal in all matters affecting the liquidation of the amount. In fact, the whole scheme of the insurance, from its very inception down to the liquidation of the amount due upon the loss, contemplates action on the part of the underwriters exclusively through a common agent, designated as the general manager or attorney in fact. The community of interest is thus a matter of absolute demonstration, and the only differentiation that arises is in respect to the extent of the individual liability. Instead of each underwriter being liable in solido for the entire amount of the insurance, he is, in terms, responsible only for a proportionate part, but all have a common interest in the steps leading up to the ascertainment of the aggregate amount to which the plaintiff is entitled. In fact, this common interest in respect to the total liability under the contract is shown in one of the conditions of the policy, where it is said:

"The liability of each of the underwriters in case of any loss, and the amount insured by each underwriter, shall be his proportionate part of the aggregate amount payable to the assured upon such loss."

For the reasons which I have given, I am of the opinion that the case at bar finds a natural and proper place under the section in question. It is concededly within the letter of the statute, and I think it is equally clear that it is within its true meaning and intent. The demurrer is therefore overruled, with costs, with leave to the defendant to serve an answer within 20 days after the service upon him of a copy of the interlocutory judgment, on payment of costs.

