## STRAUSS et al. v. HOADLEY et al.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

MISJOINDER OF DEFENDANTS.

Code Civ. Proc. § 454, providing that "two or more persons severally liable upon the same written instrument * * * may all or any of them be in-cluded as defendants in the same action at the option of the plaintiff," does not apply to an action upon a Lloyds policy of insurance, which ex-pressly provides that the underwriters shall be liable severally, and not joint-ly, each only for a proportionate amount of the whole. An independent cause of action exists against each underwriter, and section 454 is to be construed in harmony with section 484, which only authorizes a plaintiff

(save in certain exceptional cases) to unite in the same complaint two or more causes of action if each affects all the parties to the action.

O'Brien, J., dissenting.

Appeal from special term.

Action by Adolph D. Strauss and others against Russell H. Hoadley and others. From a judgment overruling a demurrer to the complaint, Josua Piza appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. C. Weil, for appellant.

C. Putsel, for respondents.

PATTERSON, J.  This is an appeal from an interlocutory judgment overruling the demurrer of the defendant Piza to the complaint. The action was upon a policy of marine insurance issued by agents of certain individual underwriters doing business under the name of the South and North American Lloyds.  By the terms of the policy relating to the liability of the underwriters, it is provided as follows:

"And the said firms, corporations, and individuals are contented and promise to bind themselves severally, and not jointly, nor any one for any other, their respective executors and administrators, to the assured, his executors, administrators, or assigns, for the true performance of the premises, each only for his own part of the whole amount herein assured, and for such his proportion of all additional sums that may be indorsed hereon by said attorneys only."

There were many firms and individual underwriters upon this policy, and in constructing this action the plaintiff made all of such underwriters parties thereto.  Thereupon the defendant Piza interposed a demurrer, setting forth as the ground thereof a misjoinder of parties defendant, or that causes of action have been improperly united.  Section 488, subsec. 7, Code Civ. Proc.  On the face of the contract upon which the demurrant was sued it expressly appears that the obligation he assumed was altogether individual.  He not only stipulated for a several liability, but expressly contracted against a joint liability.  According to the manifest meaning of the contract, he was not to be associated in liability with anybody, nor to be held for any other sum than a stipulated portion of an aggregate amount of insurance, readily ascertainable by simply dividing the fixed amount of a loss by the number of individuals sharing the risk. Unless there is, therefore, something in the statutes which authorizes an action against all the underwriters, each one of them would be responsible only in an action against himself for his proportionate share.  It is claimed, however, that section 454 of the Code of Civil Procedure applies to this contract.  It is enacted by that section that "two or more persons severally liable upon the same written instrument, including the parties to a bill of exchange or a promissory note, whether the action is brought upon the instrument or by a party thereto to recover against other parties liable over to him, may all or any of them be included as defendants in the same action at the option of the plaintiff."  It is argued from those provisions that it was the right of the plaintiff to sue in one action all the underwriters, or as many of them as he might elect.  This section of

the Code should not be construed in such a way as to destroy the express and positive stipulations of contracts which parties are at full liberty to make respecting the extent of their liability upon their contracts, or the relations in which, by such contracts, they stand to each other. The section refers to contracts upon which parties are severally liable for the whole amount. Such was the case of Isear v. Daynes, 1 App. Div. 557, 37 N. Y. Supp. 474, which was an action upon a policy of insurance underwritten by 50 defendants, each of whom was liable, so far as appeared, for the whole amount. But in the policy in this action there is a distinct specific liability of each individual underwriter for a certain fractional amount, and not the whole. The amount for which each underwriter is liable on the policy in no way concerns any other underwriter. The liability of each is as distinct as if it were contained in a separate instrument. There is an independent cause of action against each underwriter for the amount of his liability, and by section 484 of the Code it is provided that the plaintiff may unite in the same complaint two or more causes of action where they affect all the parties to the action. The various underwriters are not all liable on the same cause of action, but only on a similar cause of action, and therefore section 484 does not apply, and the provisions of section 488 must be given effect to in considering the application to a particular case of section 454.

We think the demurrer was improperly overruled, and that the interlocutory judgment should be reversed, and judgment entered sustaining the demurrer, with leave to the plaintiff to amend upon payment of costs in this court and the court below.

VAN BRUNT, P. J., and WILLIAMS and INGRAHAM, JJ., concur.

O'BRIEN, J. I dissent for the reasons given in Isear v. McMahon, 16 Misc. Rep. 95, 37 N. Y. Supp. 1101.