### FISH v. VANDERLIP.

(Supreme Court, Appellate Division, First Department.   December 8, 1915.)

1. INSURANCE ☜624—ACTIONS—MISJOINDER.

   Where a number of underwriters insured a vessel, their liability being made several, a complaint, joining actions against two or more insurers, is subject to demurrer for misjoinder of parties.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1557–1570; Dec. Dig. ☜624.]

2. JUDGMENT ☜675—CONCLUSIVENESS—MATTERS CONCLUDED.

   A party of underwriters insured a vessel by a policy which made the liability of each several, and limited it to their proportionate share. The vessel was destroyed, and in an action against one of them another underwriter, the present defendant, aided in the defense. *Held,* that as defendant was not a party, and could not properly have been made a party, judgment against plaintiff in that action was not a bar to a subsequent action against defendant for a judgment will not bind one who is neither a party nor a privy.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1190, 1191, 1194; Dec. Dig. ☜675.]

   Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by J. Albert Fish against Frank A. Vanderlip.   From an order sustaining a demurrer to a separate defense, defendant appeals. Affirmed, with leave to file an amended answer.

The opinion of Page, J., is as follows:

A party of 100 underwriters, doing business as "At United States Lloyds," insured the plaintiff's yacht in the total sum of $15,000 by a policy pursuant to the terms of which the liability of each subscriber was several, and not joint, and was limited to his proportionate share thereof, to wit, $150.   The policy provided that the assurers "do promise and bind themselves severally and not jointly, nor any one for any other, for the true performance of the premises, each one for his own part of the whole amount herein assured only." The yacht was destroyed by fire, and the plaintiff has instituted separate actions against a large number of the subscribers to recover $150 from each. One of the actions, which was against Douglas F. Cox, has been brought to trial in the Municipal Court of the City of New York, and a judgment on the merits has been rendered in favor of the defendant therein.   The defendant herein has interposed as a defense the judgment against the plaintiff in the other action, alleging that it was upon the same policy, for the same loss, and the same issues were raised, and "that the interest of this defendant in the said action against the said Cox was identical with that of the said Cox, and that he, the said Cox, defended the said suit in which he was defendant as aforesaid, under and by the direction of and at the expense and in the interest of each and all of the said subscribers, including this defendant, * * * which facts were known to the plaintiff at the time of the trial of the said action. * * *" The plaintiff has demurred to this defense, on the ground that it is insufficient in law upon the face thereof, and has brought on the demurrer for argument as a litigated motion.

It is claimed by the defendant that since the defense in the Cox action was to the knowledge of the plaintiff conducted under the direction of all the subscribers to the policy jointly and at their joint expense, the judgment in that action is res adjudicata against the plaintiff in any action brought against any of the said subscribers based upon the same state of facts.   The principal case relied upon by the defendant in support of his contention is Greenwich Ins. Co. v. N. & M. Friedman Co., 142 Fed. 944, 74 C. C. A. 114, decided by the

Circuit Court of Appeals of the Sixth Circuit. In that case a number of insurance companies had insured a building under separate, but identical, policies, and subsequently, after a loss had occurred and actions had been brought against several of the said companies to recover upon the policies, they united in a common plan of defense and appointed a committee and attorneys at their joint expense to conduct the defense to each action. In two of the actions a trial was had and judgment rendered for the plaintiff. The judgments in these actions were held to be res adjudicata in subsequent actions against other insurance companies who had joined in the aforesaid common defense.

[1, 2] This case, if it were a controlling authority, would determine the present question, for an estoppel by judgment is mutual, and if a decision for the plaintiff in an action upon the contract of one subscriber to the policy would bind the others, a decision against him would conclude him in all the other actions. I am of the opinion, however, that this precedent cannot be supported in the law of this state and is contrary to the general principles governing an estoppel by judgment. Ordinarily a judgment of a court of competent jurisdiction is binding only upon the parties to the litigation and their privies. There are a few exceptions to this rule in the law of principal and agent and master and servant, or cases where the right of indemnity exists between persons nominally liable for the same injury; but in these cases the person concluded by the judgment had the right to intervene in the action, control the defense and appeal from the judgment (Castle v. Noyes, 14 N. Y. 329), and it has been frequently held that, where this right of control and appeal does not exist, the judgment will not bind one who is neither a party to the action nor privy to such a party, even though the defense was in fact conducted or contributed to by the person sought to be estopped. Jackson v. Griswold, 4 Hill, 522; Yorks v. Steele, 50 Barb. 397; Litchfield v. Goodnow, 123 U. S. 549, 8 Sup. Ct. 210, 31 L. Ed. 199; Merchants' Coal Co. v. Fairmont Coal Co., 160 Fed. 769, 88 C. C. A. 23; Rumford Chemical Works v. Hygienic Chemical Co. of N. J., 215 U. S. 156, 30 Sup. Ct. 45, 54 L. Ed. 137; Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 32 Sup. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875. In Litchfield v. Goodnow, supra, the court said: "Under the term 'parties,' in this connection, the law includes all who are directly interested in the subject-matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as strangers to the cause. But to give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same proceedings. We have already seen that the term 'privity' denotes mutual or successive relationship to the same rights of property."

In the case at bar the contracts of the various subscribers to the policy were absolutely separate and several, and not joint. They not only could not have intervened in the actions brought against their cosubscribers, but the complaint would have been demurrable for misjoinder of parties, if any two or more of the actions had been joined in one complaint. Straus v. Hoadley, 23 App. Div. 360, 48 N. Y. Supp. 239. This defendant had a personal interest in the Cox action, but no legal interest therein. He was in no manner in privity with Cox. He could not have assumed control of the suit in his own name, and could not have appealed from the judgment, had the plaintiff succeeded. Within the above authorities, therefore, it is clear that, had the plaintiff succeeded in the Cox action, no liability of this defendant or of any of his cosubscribers could have been predicated upon the judgment, and, since estoppel by judgment is always mutual, it must follow that the judgment in favor of Cox is not res adjudicata in this action.

The plaintiff's motion for judgment sustaining the demurrer to the fifth separate defense contained in the defendant's answer is granted, with $10 costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

H. W. Hayward, of New York City, for appellant.
Jesse W. Tobey, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements on the opinion of Page, J., at Special Term, with leave to the defendant to serve an amended answer, on payment of costs in this court and in the court below.

LAUGHLIN, J. (dissenting). The plaintiff alleges that the defendant and 99 other firms and individuals, as separate underwriters doing business together under the name and style of "At United States Lloyds," of New York City, through their attorneys, Higgins & Cox, issued and delivered to the plaintiff their certain policy of insurance in writing, a copy of which is annexed to the complaint and made a part thereof, insuring plaintiff's auxiliary schooner yacht Senta, among other things, against loss or damage by fire, for the term of one year from the 15th day of April, 1910, in the aggregate amount of $15,000, and that on the 25th day of October, 1910, the yacht was totally destroyed by fire, and plaintiff gave due notice of the loss as required by the policy, and that defendant's proportionate share of the loss as a separate underwriter is the sum of $150, which became due and payable from defendant to plaintiff on the day of the fire, and no part thereof has been paid, although payment thereof has been duly demanded, and judgment is demanded for $150 and interest, together with costs.

The policy provided, in effect, that the insurance was made by the firms and individuals signing the policy "as separate underwriters," each represented by the firm of Higgins & Cox as attorneys, and further provided with respect to the liability of the underwriters, as follows:

"And the assurers are contented, and do promise and bind themselves severally and not jointly, nor any one for any other, their respective executors and administrators to the assured, their executors, administrators, or assigns, for the true performance of the premises, each one for his own part of the whole amount herein assured only."

And under the heading "Subscribers," and before the signatures of the underwriters, appears the following: "Equal proportions of $15,-000 insured by each."

In the defense to which the demurrer was interposed, it is alleged that in an action duly brought in the Municipal Court of the City of New York, wherein this plaintiff was plaintiff and one Cox, one of the underwriters and a member of said firm of Higgins & Cox, was defendant, and wherein the complaint contained the same allegations upon the same policy and for the same loss, and wherein the answer raised the same issues and presented the same defenses as are interposed in the preceding parts of the answer herein, a verdict upon the identical issues and defenses herein presented was duly rendered in favor of said Cox, and on or about the 20th day of May, 1913, judgment upon the merits was duly entered in favor of said Cox and against the plaintiff in that action, and that judgment therein was duly docketed

in the office of the clerk of the county of New York on the 31st day of May, 1913, which was prior to the commencement of this action, and that said judgment has never been reversed or modified, and that the time to appeal therefrom has expired; that said Cox was at all of said times duly authorized to act for and in behalf of each and all of the underwriters "as to any matter covered by the said insurance of all of which the plaintiff herein had due knowledge"; that the interest of this defendant in the said action against Cox was identical with that of the said Cox, and that the said Cox defended the said action brought against him—

"under and by the direction of and at the expense and in the interest of each and all of the said subscribers including this defendant, and had the plaintiff recovered judgment in the said action against Cox this defendant would have been obliged to pay his proportionate share thereof, which facts were known to the plaintiff at the time of the trial of the said action; and that the said judgment is a bar and an estoppel to this action, because it is an adjudication against the plaintiff's right to recover for said alleged loss under said policy, and because it deprives this defendant of his right of contribution against the said Cox, and because it is an adjudication that the plaintiff was the culpable cause of the loss sued for."

The defenses set forth in the preceding parts of the answer, which it is alleged are the same as those interposed by Cox in the action brought against him, are in substance that, after the policy was issued and prior to the loss, the yacht was sold, assigned, transferred, and pledged by the plaintiff without the consent in writing of the defendant, or of any of the underwriters, in violation of an express provision of the policy pleaded; that the making of the policy was induced by material false representations, which were relied upon; that the loss of the yacht was not caused by any of the risks insured against, but "solely by the negligence and connivance of the plaintiff"; and that the loss of the yacht "was caused by the willful, malicious, and fraudulent acts of the plaintiff."

Under the policy, the liability of the underwriters is several, and therefore, on a recovery against one, he would not be entitled, on the theory of subrogation, to any right of the plaintiff to recover against a co-underwriter, which is the theory upon which it has been held in some cases that a judgment against the plaintiff in an action against one primarily liable as between him and another would bar an action by the same plaintiff against the other. See Featherston v. N. & C. Turnpike, 71 Hun, 109, 24 N. Y. Supp. 603.

It is a general rule that judgments are conclusive only between the parties and their privies, and that estoppel by judgment must be mutual (Moore v. City of Albany, 98 N. Y. 409; Remington Paper Co., v. O'Dougherty, 81 N. Y. 490; Mitchell v. First National Bank of Chicago, 180 U. S. 471, 21 Sup. Ct. 418, 45 L. Ed. 627; Litchfield v. Goodnow, 123 U. S. 549, 8 Sup. Ct. 210, 31 L. Ed. 199; Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 32 Sup. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875), and that, where the liability is several only, the mere fact that one severally liable, but not sued, who contributes to the defense of the action does not become a privy (Rumford Chem. Wks. v. Hygienic Chem. Co., 215 U. S. 156, 30 Sup. Ct.

45, 54 L. Ed. 137). Although in the case at bar the liability is on the same instrument, it is undoubtedly several, and not joint. Straus v. Hoadley, 23 App. Div. 360, 48 N. Y. Supp. 239.

There are, however, many exceptions to the general rule that a judgment, to be good as an estoppel, must be mutual. Among the many well-recognized exceptions are that a judgment involving the merits of the plaintiff's cause of action is a bar to another action thereon (1) against a principal after a judgment in favor of his agent or surety, or his servant, even though it would not be binding upon him if against the agent, surety, or principal, Emma Silver Mining Co. v. Emma Silver Mining Co. of New York (C. C.) 7 Fed. 401; Portland Gold Mining Co. v. Stratton's Independence, 158 Fed. 63, 85 C. C. A. 393, 16 L. R. A. (N. S.) 677; Jacob v. Town of Oyster Bay, 109 App. Div. 630, 96 N. Y. Supp. 626; Stearns v. Shepard & Morse Lumber Co., 91 App. Div. 149, 86 N. Y. Supp. 391; (2) a judgment in favor of one on a joint and several obligation is a bar to an action against another obligor on the same instrument, Spencer v. Dearth. 43 Vt. 98; Cowley v. Patch, 120 Mass. 137; and (3) a judgment in favor of one whose act caused the damages or injury is a bar by estoppel to an action against another for the same act, even if the judgment, if the other way, would not have bound the defendant in the second action, Portland Gold Mining Co. v. Stratton's Independence, supra; Featherston v. N. & C. Turnpike, 71 Hun, 109, 24 N. Y. Supp. 603; Atkinson v. White, 60 Me. 396; Hill v. Bain, 15 R. I. 75, 23 Atl. 44, 2 Am. St. Rep. 873; Black on Judgments, § 781.

It requires but a slight extension of this rule, I think, to render the judgment pleaded in the answer a bar to this action. Although the underwriters have stipulated that their liability shall be several only, this was primarily for the purpose of fixing and limiting the liability of each underwriter. They necessarily all have a common interest in the question as to whether the loss within the risk covered by the policy, and, according to the allegations in that part of the answer to which the demurrer is interposed, they, with the consent and acquiescence of the defendant sued and to the knowledge of the plaintiff, joined in the defense of the action and succeeded. The adjudication in favor of Cox on the issues presented necessarily was an adjudication that the risk was not covered by the policy. The plaintiff had his day in court, and principles of sound public policy, I think, forbid that he should be permitted to litigate the same questions over again in 99 cases against the other underwriters. There is considerable authority in support of this view in judicial opinions in cases in which the point was not necessarily presented for decision. See Emma Silver Mining Co. v. Emma Silver Mining Co. of New York, supra; Portland Gold Mining Co. v. Stratton's Independence, supra; Atkinson v. White, supra; Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627; Spencer v. Dearth, supra; Fulton Co. G. & E. Co. v. Hudson River T. Co., 200 N. Y. 287, 296, 93 N. E. 1052; Featherston v. N. & C. Turnpike, supra; Greenwich Ins. Co. v. N. & M. Friedman Co., supra: Ashton et al. v. City of Rochester et al., 133 N. Y. 187, 30 N. E. 965, 31 N.

E. 334, 28 Am. St. Rep. 619; Stearns v. Shepard & Morse Lumber Co., supra; Hill v. Bain, supra.

But it is unnecessary to decide in the case at bar that the adjudication would be available to the defendant without the allegations with respect to his participation in the defense of the other action with the consent of the defendant therein and to the knowledge of the plaintiff, for in a case not distinguishable on principle, and where the several liability was on different policies of insurance, it has been held that such a judgment is binding on the principle of equitable estoppel. Greenwich Ins. Co. v. N. & M. Friedman Co., supra, approved, by denial of writ of certiorari, 200 U. S. 621, 26 Sup. Ct. 758, 50 L. Ed. 624. I am therefore of opinion that the defense to which the demurrer was interposed is good, and that the demurrer should have been overruled.

I therefore vote for reversal.