J. ALBERT FISH, Respondent, *v.* FRANK A. VANDERLIP, Appellant.

Insurance (Lloyds) — policy examined and held that each insurer, or subscriber to the insurance contract, is liable severally and individually for his proportion of the insurance — when judgment on the merits against plaintiff in an action in Municipal Court against one subscriber is not a bar to an action in the Supreme Court against another subscriber.

1. The general rule is that a former adjudication to be available as a plea must have been a previous determination of the same issues between the same parties or their privies. Under the term "parties," in this connection, the law includes all who are directly interested in the subject-matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment.

2. This action is brought to recover upon a "United States Lloyds" policy of insurance. The defendant, together with ninety-nine other individual subscribers, signed the insurance contract, each obligating himself to the payment of a fixed sum. By the terms of the policy the subscribers bound "themselves severally and not jointly, nor one for the other * * * for the true performance of the premises, each one for his own part of the whole amount herein insured only." The plaintiff seeks to recover against the defendant the amount of his individual subscription. In the defense demurred to it is alleged that in a previous action brought by this plaintiff against one of the subscribers to the policy upon the same

policy for his proportionate part of the same loss, the same issues as are presented by the answer herein were tried and decided and a judgment on the merits was rendered against this plaintiff; that the defendant in that action is a member of the attorneys in fact who represented all the subscribers in the issuance of the policy and was authorized "to act for and on behalf of each and all of the said subscribers;" that the former action was defended under and by direction of and at the expense and the interest of all of said subscribers, including this defendant, and that the judgment therein is a bar and estoppel in this action because it is an adjudication against the plaintiff's right to recover for the alleged loss under the policy. *Held*, that the contract of insurance is so drawn as wholly to separate the rights and obligations of each insurer from the rights and obligations of every one of his associates, and in determining the status of the plaintiff and defendant the policy is to be construed as if they alone were parties thereto. The several character of the contract is explicit and it cannot be changed into a joint undertaking on the part of the insurers, which would virtually be done by holding that the judgment pleaded constituted an estoppel.

*Fish* v. *Vanderlip*, 170 App. Div. 780, affirmed.

(Argued February 23, 1916; decided April 18, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 4, 1915, which affirmed an order of Special Term sustaining a demurrer to the fifth separate defense in the amended answer.

The action is brought to recover $150 upon a "United States Lloyds" policy of insurance covering the yacht *Senta*, which is alleged to have been destroyed by fire on October 25th, 1910, while lying in the harbor of Edgartown, Massachusetts. The defendant, together with ninety-nine other individual subscribers, signed the insurance contract, each obligating himself to the payment of $150. The aggregate amount of the insurance was $15,000, and was effected through the subscriber's attorneys in fact, Higgins & Cox, "By the undersigned firms and individuals, as separate Underwriters, each represented by the above attorneys." By the terms of the policy the subscribers bound "themselves severally and

not jointly, nor one for the other * * * for the true performance of the premises, each one for his own part of the whole amount herein insured only."

The plaintiff seeks to recover against the defendant the amount of his individual subscription. In the separate defense demurred to it is alleged that in a previous action brought in the Municipal Court of the city of New York by this plaintiff against one Douglass F. Cox, one of the subscribers to the policy, upon the same policy for his proportionate part of the same loss, the same issues as are presented by the answer herein were tried and decided and a judgment on the merits was rendered against this plaintiff; that the said Cox is a member of the attorneys in fact who represented all the subscribers in the issuance of the policy and was authorized "to act for and on behalf of each and all of the said subscribers * * *; that the interest of this defendant in the said action against the said Cox was identical with that of the said Cox and that the said Cox defended the said suit in which he was defendant as aforesaid under and by direction of and at the expense and the interest of each and all of said subscribers including this defendant, and had the plaintiff recovered judgment in said action against Cox this defendant would have been obliged to pay his proportionate share thereof, which facts were known to the plaintiff at the time of the trial of said action, and that the said judgment is a bar and estoppel in this action because it is an adjudication against the plaintiff's right to recover for said alleged loss under said policy and because it deprives this defendant of his right of contribution against the said Cox, and because it is an adjudication that the plaintiff was the culpable cause of the loss sued for."

The court at Special Term held that the judgment in the former suit set up in this separate defense was not *res adjudicata* and sustained the plaintiff's demurrer. The order entered upon this decision was affirmed at the

Appellate Division. That court has allowed an appeal and certified the question whether the defense above set forth is sufficient in law upon the face thereof to constitute a defense to the plaintiff's cause of action.

*Irving G. Vann* and *Harry W. Hayward* for appellant. The plaintiff is bound by the judgment in the *Cox* case on the ground of estoppel by judgment. (*Greenwich Ins. Co.* v. *N. & M. Friedman Co.*, 142 Fed. Rep. 944; 200 U. S. 621; *Penfield* v. *Potts*, 126 Fed. Rep. 475; *Hanks Dental Assoc.* v. *International Tooth Crown Co.*, 122 Fed. Rep. 74; *Theller* v. *Hershey*, 89 Fed. Rep. 575; *Sanders* v. *Peck*, 87 Fed. Rep. 61.) The plaintiff is bound by the judgment in the *Cox* suit irrespective of mutuality. (*Spencer* v. *Dearth*, 43 Vt. 98; *E. S. M. Co.* v. *E. S. M. Co.*, 7 Fed. Rep. 401; *P. G. M. Co.* v. *Strattons*, 158 Fed. Rep. 63; *Bigelow* v. *O. D. Copper Co.*, 225 U. S. 111; Black on Judgments, § 781; *Featherstone* v. *N. & C. Turnpike Co.*, 71 Hun, 109; *Mitchell* v. *First National Bank*, 180 U. S. 471; *Kaiser Wilhelm der Grosse*, 175 Fed. Rep. 216; Black on Judgments, § 751; *People* v. *Stephens*, 51 How. Pr. 235; *Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228.)

*Jesse W. Tobey* for respondent. By the terms of the policy in the event of a loss and the refusal of the subscribers to pay it is necessary for the plaintiff to sue each subscriber separately for the sum of $150. (*Strauss* v. *Hoadley*, 23 App. Div. 360.) As a general rule a judgment of a court of competent jurisdiction is binding only upon the parties to the litigation and their privies. (*Schroeder* v. *Lahrman*, 36 Minn. 87; *Australian Knitting Co.* v. *Gowdy*, 138 Fed. Rep. 92; *Wilgus* v. *Germain*, 72 Fed. Rep. 73; *Hendrick* v. *Biggar*, 209 N. Y. 440; *Litchfield* v. *Goodnow*, 123 U. S. 549.) It is a general rule that estoppel by judgment must be mutual; that the party cannot claim the benefit of a judgment favor-

able to him unless he would be bound by a judgment in the same manner if adverse to him. (*Moore* v. *City of Albany*, 98 N. Y. 409; *Remington Paper Co.* v. *O'Dorothy*, 81 N. Y. 490; *Bigelow* v. *O. D. Copper Co.*, 225 U. S. 111.)

WILLARD BARTLETT, Ch. J. The obligation assumed by the underwriters toward the assured was a several liability. Not only was this expressly declared in the contract of insurance, but the assumption of any joint liability was distinctly negatived therein. It has been held that the insured under such a contract cannot maintain a single action against all the insurers to recover the aggregate amount of the policy. (*Straus* v. *Hoadley*, 23 App. Div. 360.) Reference is made in the brief of the learned counsel for the appellant to the contents of the agreement between the underwriters themselves which provides that the losses are to be paid out of the premiums and in case the cash assets are insufficient to meet the obligations an advisory committee has power to levy an assessment; but we cannot take cognizance of this agreement in passing upon the defense attacked by the demurrer, as it forms no part of the record. According to that defense the plaintiff has been defeated in another action which he brought against another one of the underwriters to enforce his individual liability, and a judgment upon the merits was rendered against him after a trial of the same issues as are involved in the present suit. He is now met with the defense of *res adjudicata* based upon such former judgment. This defense is predicated solely upon the ground that the defendant here, together with his co-subscribers, had, with the knowledge of the plaintiff, joined in defending the former suit and contributed to the expense thereof, and that he will lose the proportionate part of such expenses contributed by him unless the former judgment is held to be an estoppel. The appellant contends that the rule of

3

estoppel by former judgment extends not only to the parties to the former suit and their privies, but also to persons not parties of record, who to the knowledge of the opposite party participated in the defense for the protection of some interest of their own. It is conceded that no case in the New York state courts has gone as far as we are asked to go in this case, but it is insisted that there is no decision to the contrary by the New York courts and that there is ample authority to be found in Federal cases for taking this desirable step in advance.

The Federal decision which gives most support to the position of the appellant is *Greenwich Ins. Co.* v. *Friedman Co.* (142 Fed. Rep. 944), decided by the Circuit Court of Appeals for the Sixth Circuit. In that case a store belonging to the insured parties at Grand Rapids, Michigan, had been destroyed by fire and a large loss was sustained. Some thirty insurance companies had issued policies covering the property destroyed. Payment was refused by the companies upon the ground that a substantial part of the loss was occasioned by the fall of the building prior to the fire. The assured recovered judgment against two of the companies in actions where the issue thus raised was decided against the companies. These former judgments were set up by the assured as conclusive upon the liability of the Greenwich Insurance Company, and the claim thus set up was sustained. The court's decision was based upon the finding of fact that the Greenwich Insurance Company had for the protection of its own interests joined with the defendants in the other suits, and that the said joinder was open and avowed and was well known to the assured. The Circuit Court of Appeals in sustaining the decision of the lower court rested its decision upon the rule announced in previous cases to the following effect: "The doctrine is well settled that one who, for his own interest, joins in the defense of a suit to which he is not a party of record, is as much concluded by the judgment as if he

had been a party thereto, provided his conduct in that respect was open and avowed or otherwise well known to the opposite party." The rule thus stated was quoted from *Penfield* v. *Potts & Co.* (126 Fed. Rep. 475, 480) which was one of several patent infringement suits in which several parties who were charged as infringers of the same patent had joined together in making defense. In one of such suits the complainant was defeated and the judgment therein was held to be conclusive upon him in another suit against another alleged infringer. The court there, before stating the rule as above quoted, said (p. 479): "Thus the question in respect of the infringement of the third claim was in each of these two cases identical, and, if the appellants were privies with the Anderson Machine Company in such sense that they would have been concluded by a decree determining a question litigated upon the same evidence in each case, it must follow, from the mutuality of an estoppel, that the patentees who were plaintiffs in both cases would be also concluded, for an estoppel by judgment or decree must be mutual." The court there in effect held that the defendant there had become privy to the defendant in the former action by its conduct in joining in the defense of the former suit with the knowledge of the plaintiff. Similar decisions have been rendered in other cases in the Federal courts of which the following are examples: *Theller* v. *Hershey* (89 Fed. Rep. 576); *Lane* v. *Welds* (99 Fed. Rep. 286). There are other cases, however, decided by the Federal courts where a contrary doctrine seems to have been laid down and in which it was held that where a party to protect some interest of his own, aids and contributes to the expense of a suit, he does not thereby become bound by the judgment in a subsequent litigation where he is a party and the same issues are involved. (*Helm* v. *Zarecor*, 213 Fed. Rep. 648, 654; *Merchants Coal Co.* v. *Fairmont Coal Co.*, 160 Fed. Rep. 769, 777.) The cases holding otherwise are all patent infringe-

ment cases, except the *Greenwich Insurance Company Case (supra)* which does not appear to have been since cited or followed. It is true that an application for a writ of certiorari to review the decision in that case was denied by the United States Supreme Court (200 U. S. 621), but we may not assume from this action of that court that it approved of the decision sought to be reviewed. The Federal Supreme Court exercises its power of granting the writ of certiorari very sparingly, and only where the case is one of gravity or general importance. (*Matter of Woods*, 143 U. S. 202; *Forsyth* v. *Hammond*, 166 U. S. 506.)

The general rule is that a former adjudication to be available as a plea must have been a previous determination of the same issues between the same parties or their privies. It is not always necessary, however, that the person sought to be bound should have been a party to the record in the previous suit. It is enough if he had the right to control the conduct of the litigation and appeal from the judgment. Such was the case of *Castle* v. *Noyes* (14 N. Y. 329, 335). There it appeared that in a former action the defendant had sued the servant of the plaintiff's testator for the recovery of property belonging to the testator. The defendant was defeated in the former action and the judgment therein was held conclusive. In that case Judge COMSTOCK said: "Upon these facts the parties are to be regarded as the same. It is by no means true that, in order to constitute an estoppel by judgment, the parties on the record must be the same. The term has a broader meaning. It includes the real and substantial parties who, although not upon the record, had a right to control the proceedings and appeal from the judgment."

Professor Greenleaf thus states the true principles upon which estoppels by judgment proceed: "The rules of law upon this subject are founded upon these evident principles or axioms that it is for the interest of the community

that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. Justice requires that every cause be once fairly and impartially tried; but the public tranquillity demands that, having been once so tried, all litigation of that question, and between those parties, should be closed forever. It is also a most obvious principle of justice that no man ought to be bound by proceedings to which he was a stranger; but the converse of this rule is equally true, that by proceedings to which he was not a stranger, he may well be held bound. Under the term 'parties,' in this connection, the law includes all who are directly interested in the subject-matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on the other side." (Greenleaf's Evidence, §§ 522, 523. See, also, § 535.) The defendant here had no right to control the former suit, or to appeal from the judgment.

In *Bigelow* v. *Old Dominion Copper M. &. S. Co.* (225 U. S. 111, 126) separate suits against joint promoters of a corporation to recover secret profits were instituted by the corporation. One of the defendants, Lewisohn, lived in New York, and a separate suit was instituted against him there. The New York suit was dismissed. In another suit in Massachusetts where the defendant Bigelow lived the New York judgment was pleaded by Bigelow as a bar. The Supreme Court of the United States in holding that the New York judgment was not a bar, said: "To conclude Bigelow by the New York judgment, it must appear that he was either a party or a privy. That he was not a party to the record is conceded. He had no legal right to defend or control the proceedings, nor to appeal from the decree. He was, therefore, a stranger, and was not concluded by that judgment as a party thereto. That he was indirectly interested in

the result because the question there litigated was one which might affect his own liability as a judicial prece-· dent in a subsequent suit against him upon the same cause of action is true, but the effect of a judgment against Lewisohn as a precedent is not that of *res judicata,* and the Massachusetts court was under no obligation to follow the decision as a mere judicial precedent. Nor would assistance in the defense of the suit, because of interest in the decision as a judicial precedent which might influence the decision in his own case, create an estoppel as to Bigelow." The court then declares again the rule that estoppels must be mutual, and in discussing this phase of the question, said: "An apparent exception to this rule of mutuality has been held to exist where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts, when sued by the same plaintiff. (See *Portland Gold Mining Co.* v. *Stratton's Independence,* 158 Fed. Rep. 63, where the cases are collected.) The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee." (p. 127.) The defendant here comes neither within these classes nor within the principle upon which such parties are held bound. There are other adjudicated cases not strictly within the classes mentioned where the same principle applies.

In *Old Dominion Copper M. & S. Co.* v. *Bigelow* (203 Mass. 159, 216), being the same case that was before the United States Supreme Court (*supra*), in discussing the question whether the defendant Bigelow could avail himself of the judgment in favor of Lewisohn who had a com-

mon interest with him, it is said: "The evidence shows that he (Bigelow) knew of the suit, and through his counsel gave such assistance in the preparation of the briefs for the arguments of that suit as might have been expected. But, as he was not a party, this fact is not of much importance. It is treated by most of the expert witnesses called by the defendant as to the New York law as of no consequence. Privity depends upon the relation of the parties to the subject-matter, rather than their activity in a suit relating to it after the event. Participation in the defense because of general or personal interest in the result of the litigation does not make one privy to the judgment.   *   *   *   Bigelow could not have appeared as of right and made a defense in that suit. No judgment can be regarded as *res judicata* as to any matter where the rights in the subject-matter arise out of mutuality, and not by succession, unless the party could, as matter of right, appear and defend, even though he may have had knowledge of the suit. Otherwise, he might be bound by a judgment as to which he had never had the opportunity to be heard, which is opposed to the first principles of justice." (pp. 216, 217.) It will be seen that when this case reached the United States Supreme Court, that court took the same view in regard to the effect of the action of a defendant in aiding in the defense of another suit to which he was not a party, but in which he was simply interested.

In the case at bar, notwithstanding all the matters set up in the fifth separate defense showing a unity of interest between the underwriters as among themselves, one fact stands out with marked prominence and emphasis. The contract of insurance is so drawn as wholly to separate the rights and obligations of each insurer from the rights and obligations of every one of his associates. This must have been done with a purpose. In determining the status of the plaintiff and defendant, the policy is to be construed as if they alone were parties thereto.

Otherwise no effect would be given to the declaration therein contained that the assurers bind themselves "severally and not jointly, nor any one for the other * * * each one for his own part of the whole amount herein insured only." The several character of the contract being so explicit, we cannot change it into a joint undertaking on the part of the insurers; and we would virtually do this if we held that the judgment in the Municipal Court suit constituted an estoppel. In the brief for the appellant we are told in italics: "It would be abhorrent and a reproach to the law that upon the same written instrument and under the same state of facts one of the parties to a contract should be held liable and another, in the same right, held not liable." This possibility, however, if it exists, would seem to be entirely due to the appellant and his associates who drew their policy in such a form as to compel the assured to bring a hundred different suits to recover the insurance upon his yacht, if they saw fit for any reason to refuse payment.

We conclude that the matters pleaded in the fifth separate defense in the amended answer do not suffice to make the judgment in the Municipal Court suit available to the appellant by way of estoppel. It is easy to conceive of a case where it would operate most harshly to hold a person bound by a former judgment adverse to his interest, merely because he had aided in combatting it but without any legal right to control the course of the litigation, or to appeal from the adverse judgment although it was palpably erroneous.

The order appealed from should be affirmed, with costs, and the question certified answered in the negative.

CUDDEBACK, CARDOZO and SEABURY, JJ., concur; CHASE, COLLIN and POUND, JJ., dissent on dissenting opinion of LAUGHLIN, J., below.

Order affirmed.