(174 App. Div. 855)

FISH v. ISELIN.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

Appeal from Special Term, New York County.

Action by J. Albert Fish against Adrian Iselin, Jr. From an order sustaining a demurrer to a separate defense, defendant appeals. Affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Marshall McLean, of New York City, for appellant.
Jesse W. Tobey, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements. Order filed.

SCOTT, J. I dissent because the defense demurred to differs essentially from that considered and passed upon in Fish v. Vander-

lip, 170 App. Div. 780, 156 N. Y. Supp. 38, affirmed 218 N. Y. 29, 112 N. E. 425, April 18, 1916. In the latter case it was sought to establish the privity of the defendant with another defendant in another action upon the same policy of insurance, wherein judgment had gone for the defendant, upon the sole ground that Vanderlip, although his liability on the policy was several, and not joint, had contributed to the expense of the earlier action. This was held to be insufficient to establish privity between Vanderlip and Cox, the defendant in the earlier action.

In the present case the defendant has pleaded the same judgment in favor of Cox, his counderwriter in the earlier action, and has added the following allegations respecting this defendant's interest in the outcome of the action against Cox. It is alleged:

"That under and by the terms of the agreement made by all of the said subscribers among themselves and with the said Higgins and Cox, under the terms of which the said policy of insurance was issued, all losses and expenses were and are paid out of a joint or common fund with a right to levy assessments, in the event that such common fund is insufficient, and had the plaintiff recovered judgment in the said action against Cox, this defendant would have been obliged to pay his proportionate share thereof."

No such allegation was contained in Vanderlip's answer, and its absence was commented upon in the prevailing opinion in the Court of Appeals; the court carefully refraining from expressing an opinion as to what its effect would have been if it had been incorporated in the answer. It seems to me that this difference in the pleading distinguishes the present case from Fish v. Vanderlip, and that the answer now before us sufficiently establishes such a community of interest between Cox and the present defendant as to make them privies in such a sense that the former judgment in favor of Cox inures to this defendant's advantage.

I think, therefore, that the motion should have been denied.