Desmond, J.
The question of law on this appeal is: When the Appellate Division, reversing the lower court, has as against all or several of the defendants in a cause ordered a new trial, and when some but not all of those defendants instead of going back for the new trial have chosen to appeal to this court by giving their stipulations absolute (Civ. Prac. Act, § 588, subd. 3) and when this court on that appeal has affirmed as to those defendants so appealing, may the other defendants whose interests are severable and who did not so appeal to this court be held bound by the result on appeal in this court because those defendants who did not appeal here co-operated with those who did so appeal by furnishing the services of attorneys and by directing and controlling the appeal to this court, etc.? We agree with the dissenting Justice in the Appellate Division that the answer to that question must be “ no ”. The defendants who chose not to appeal here but rather to await the new trial were exercising a statutory right, as were those others who filed their stipulations for judgment absolute in order to bring themselves before this court. One of several defendants against *123 all of whom the intermediate appellate court has ordered a new trial “ has the absolute right without joining with the other defendants to appeal from an order granting a new trial and stipulate for judgment absolute against it in case of affirmance ” (Williams v. Western Union Tel. Co., 93 N. Y. 162, 193, 194). Since that right is “ absolute ” as to each such separate defendant, his election to exercise that right cannot bind or prejudice any other defendant who makes the opposite election, and vice versa. To say that one defendant may lawfully choose not to appeal but will nonetheless be bound by the result of that appeal, is to grant a right and then take it away. It would be a late day now to put such a gloss on a statute which has been on the books for just about a century (see L. 1857, ch. 723, § 1). There is nothing whatever in the “ judgment absolute appeal ” statute (Civ. Prac. Act, § 588, subd. 3) or in its history or in the decisions (other than this one, below) or in the commentaries on our jurisdiction (Cardozo on Jurisdiction of the Court of Appeals [2d ed.], p. 147 et seq.; Cohen and Karger, Powers of the New York Court of Appeals, p. 281; 9 CarmodyWait on New York Practice, §§ 45-50, pp. 288-292) to suggest that a nonappealing defendant shares the result of such an appeal because he has shared its cost or co-operated informally in its prosecution.
We are not here dealing with a situation where the liability of a defendant who appeals and that of a nonappealing defendant is “ purely joint ” (see Cohen and Karger, p. 281, supra). Nor does the doctrine of “ judgment by estoppel ” (even if applicable in New York; see Fish v. Vanderlip, 218 N. Y. 29) have anything to do with the purely procedural and optional device of appealing to this court by means of a stipulation for judgment absolute, instead of taking a new trial.
It follows from the above that the supplemental complaint herein, which seeks to bind the nonappealing defendants to the result announced by this court (306 N. Y. 974) on the appeal by their codefendants in the cause, does not state a cause of action.
The order appealed from should be reversed, with costs in all courts, the certified question answered in the negative, and the motion to dismiss the supplemental complaint granted.