■ JOSEPHINE MIRABELLA, Respondent, v. JOSEPHINE DE CECCO et al., Appellants.— Judgment unanimously reversed, without costs of this appeal to either party, and matter remitted to Monroe Trial Term for further proceedings in accordance with the Memorandum. Memorandum: This is an appeal from a judgment granted in a special proceeding under CPLR 5225 (subd. [b]) which directed appellants to pay respondent certain moneys and property alleged to have been transferred to them by one Carmelo Mirabella, against whom respondent had secured a judgment in a separation action. The separation judgment provided, among other relief to the respondent, that one half of approximately $15,000 which the defendant husband had transferred to his sisters, the appellants, was the property of respondent wife. The appellants were called as witnesses in the separation trial. The judgment appealed from decreed that the decision and judgment in the separation action, insofar as it found that respondent was the owner of one half of the money, was *res judicata* as to these appellants. We cannot agree with this determination. "It is of course well-settled law that a fact, once decided in an earlier suit, is conclusively established between the parties [or their privies] in any later suit, provided it was necessary to the result in the first suit". (*Evergreens* v. *Nunan,* 141 F. 2d 927, 928, cert. den. 323 U. S. 720; see, also, *Hinchey* v. *Sellers,* 7 N Y 2d 287, 293; *People ex rel. McCanliss* v. *McCanliss,* 255 N. Y. 456, 459-460; *Matter of Fairmeadows Mobile Vil.* v. *Shaw,* 16 A D 2d 137.) Appellants were not parties in the separation action and no effort was made by respondent to join them in any way. Nor can it be said that they were privy in the interest to defendant husband in the separation action. As witnesses only, they had no right to control the lawsuit in any manner, defend themselves or take an appeal from the decree in that action (*Fish* v. *Vanderlip,* 218 N. Y. 29, 34). The proceedings should be remitted to Supreme Court to determine the issue of whether the respondent, as judgment creditor, has rights to the money, or any part thereof, superior to those of the appellants as transferees. We direct that this matter be granted a preference so that the proceedings may be determined without further delay. (Appeal from judgment of Monroe Special Term adjudging that a judgment of Judge O'BRIEN is *res judicata* and referring matter for taking of testimony.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ D. P. C. CORPORATION, Respondent-Appellant, v. JAMES W. WARMAN, Appellant-Respondent.— Order unanimously reversed, with costs, and motion denied, with $10 costs. Memorandum: In our opinion the new matter which has been stricken out would, if proven, constitute a defense to plaintiff's cause of action. (Appeal by defendant from order of Onondaga Special Term dismissing affirmative defense in answer; also cross appeal from certain parts of the same order which fails to grant summary judgment to plaintiff.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.